Ernest **LUPINACCI,** Plaintiff,

v.

F. David **MATHEWS,** Secretary of Health, Education and Welfare, Defendant.

No. 75 Civ. 6409.

United States District Court, S. D. New York.

April 25, 1977.

Reisman, Milberg, Abramson & Magro, P. C., New York City, for plaintiff; Victor Fusco, Charles Reisman, New York City, of counsel.

Robert B. Fiske, Jr., U. S. Atty., S.D. N.Y., New York City, for defendant; Kent T. Stauffer, Asst. U. S. Atty., Jerome T. Levy, Acting Regional Atty., Sidney A. Sayovitz, Asst. Regional Atty., New York City, Thomasina Rogers, Legal Asst. Office of the General Counsel, HEW, of counsel.

BONSAL, District Judge.

Defendant moves pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings. Plaintiff cross-moves pursuant to Rule 12(c) for judgment on the pleadings, or in the alternative, for remand for further administrative proceedings.

On December 5, 1973, plaintiff Ernest Lupinacci filed an application for a period of disability and for disability insurance benefits with the Department of Health, Education and Welfare ("HEW") alleging that he had been unable to work since December 29, 1972 due to "severe arthritis lumbar spine and hepatitis". On January 8, 1974, this application was denied. This determination was sustained upon review of his application on June 24, 1974. Following a hearing before an administrative law judge of the Bureau of Hearings and Appeals held on January 10, 1975, the administrative law judge, in a decision dated February 28, 1975, found that plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to disability insurance benefits. On August 11, 1975, the Appeals Council of HEW affirmed the administrative law judge's decision.

On December 22, 1975, plaintiff commenced this action against the Secretary of HEW ("the Secretary") pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for review of HEW's denial of disability insurance benefits.

*Discussion*

The Secretary contends that the decision denying plaintiff disability insurance benefits should be affirmed on the ground that that decision is supported by substantial evidence in the administrative record.

Plaintiff contends that HEW's decision is not supported by substantial evidence and that HEW applied an incorrect standard as to what constitutes a "disability". Plaintiff also contends that the administrative law judge did not inquire fully into the nature and extent of his impairment.

Under the Social Security Act a "disability" is defined as the

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Thus on the facts of the present case plaintiff must establish that (1) he was under a medically determinable physical impairment that (2) has lasted or can be expected to last at least 12 months, and that (3) has prevented him from engaging in substantial gainful activity.

The administrative law judge found, *inter alia,* that "the evidence fail[ed] to establish that claimant's impairments, singly or in combination, prevented him from engaging in any substantial gainful activity for any continuous period beginning on or before the date of this decision which has lasted or can be expected to last at least 12 months" and that "claimant was not under a 'disability' as defined in the Social Security Act . . .."

These findings, if supported by substantial evidence are conclusive on a reviewing court. 42 U.S.C. § 405(g). *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Cutler v. Weinberger,* 516 F.2d 1282 (2d Cir. 1975); *Franklin v. Secretary,* 393 F.2d 640 (2d Cir. 1968).

The evidence here consists chiefly of plaintiff's testimony at the administrative hearing and statements submitted by two physicians who treated plaintiff and by a reviewing physician for the Social Security Administration. This evidence indicates that plaintiff had an arthritic condition for which he had obtained chiropractic treatment as early as July, 1971. On or about

December 29, 1972 plaintiff discontinued working at his job as a salesman of construction equipment due to increased pain from the arthritic condition. Shortly thereafter, he went to an orthopedic surgeon who diagnosed his condition as a herniated disc. After medication proved unsuccessful in alleviating this condition, plaintiff underwent spinal fusion surgery on May 24, 1973. In connection with this operation plaintiff received several units of blood as a result of which he contracted serum hepatitis. As of April 25, 1975, plaintiff had still not returned to work.

Based on the evidence in the administrative record before the Court, it would appear that plaintiff was suffering from "medically determinable physical impairments" and has thus established the first element necessary to establish a "disability". There is nothing in the record to dispute plaintiff's testimony that he was suffering from the combined effects of a spinal condition and a serum hepatitis condition or statements of the two treating physicians to the same effect.

The second element, that the impairment lasted at least 12 months, also appears to be satisfied here on the basis of the evidence in the record. Even if the Court views the evidence in the light most favorable to the Secretary and denies plaintiff's contention that the period of disability should be measured from December 29, 1972, the date plaintiff claims to have stopped working, the evidence clearly establishes that plaintiff was unable to work as of May 24, 1973, the date on which plaintiff underwent surgery. Although he had apparently fully recovered from the spinal surgery four months later, the statements of the two treating physicians establish that plaintiff was totally disabled by the effects of serum hepatitis, contracted in connection with the spinal surgery, until at least November 15, 1974. Consequently, the minimum 12-month period has been satisfied.

With respect to the third element, the administrative law judge found that plaintiff had not demonstrated that he was

**50**

unable to engage in substantial gainful activity as required by the statute. The bases for this finding would appear to be the administrative law judge's evaluation that "serum hepatitis . . . is not a disabling condition *per se*" and the evaluation of the reviewing physician that "the medical evidence indicates the remaining functional capacity is sufficient for the wage earner to meet the demands of his customary job." The administrative law judge's evaluation is clearly error since the proper test in determining whether plaintiff was unable to work is not whether a particular impairment is disabling in and of itself but rather whether plaintiff was in fact prevented from working as a result of the alleged impairment. *Ber v. Celebrezze*, 332 F.2d 293 (2d Cir. 1964). The reviewing physician's evaluation is also insufficient since it is based solely on his review of the medical evidence relating to the spinal condition; no mention is made in his report of the serum hepatitis condition. Moreover, no actual physical examination was made by the reviewing physician as a basis for his evaluation despite the fact that plaintiff offered to submit to such an examination. Although the evidence on this issue is somewhat incomplete, plaintiff's testimony concerning his ability to perform routine activities and the statements of the two treating physicians that plaintiff was totally disabled until November 1974 would tend to support plaintiff's contention that he was unable to engage in substantial gainful activity.

No direct inquiry was made by the administrative law judge on the issue of plaintiff's ability to work in spite of the serum hepatitis condition. Although a claimant has the burden of establishing his claim of disability, *Stille v. Weinberger*, 499 F.2d 244, 247 (6th Cir. 1974); *see also, Franklin v. Secretary*, 393 F.2d 640 (2d Cir. 1968), the hearing officer is required by regulations promulgated under the Social Security Act to "inquire fully into the matters at issue". 20 CFR § 404.927. *See Cutler v. Weinberger*, 516 F.2d 1282, 1286 (2d Cir. 1975); *Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir. 1974); *Smith v.*

*Weinberger*, 394 F.Supp. 1002 (D.Md.1975). This duty is especially compelling where a claimant is not represented by counsel and lacks familiarity with legal and administrative proceedings as was the case with plaintiff in the instant action. *Cutler v. Weinberger, supra; Bishop v. Weinberger*, 380 F.Supp. 293 (E.D.Va.1974). Since the record does not contain sufficient evidence for the Court to make a determination with respect to this issue, this case must be remanded for additional evidence on this matter. *Selig v. Richardson*, 379 F.Supp. 594 (E.D.N.Y.1974); *see also, Cutler v. Weinberger, supra; Carnevale v. Gardner*, 393 F.2d 889 (2d Cir. 1968).

Accordingly, the Secretary's motion for judgment on the pleadings is denied and plaintiff's motion for remand of this case for further administrative proceedings is granted. On remand, additional evidence should be taken with respect to whether plaintiff was rendered incapable of engaging in substantial gainful activity. If upon reconsideration of plaintiff's application in light of this additional evidence it is determined that this element has been satisfied, the precise period for which plaintiff is entitled to disability insurance benefits should then be determined.

It is so ordered.