**Wilfredo MEJIAS, Plaintiff,**

v.

**SOCIAL SECURITY ADMINISTRATION, Defendant.**

**No. 77 Civil 191.**

United States District Court, S. D. New York.

Jan. 18, 1978.

Wilfredo Mejias, pro se.

Robert B. Fiske, Jr., U. S. Atty., for the Southern District of New York, New York City, for United States of America.

Gaines Gwathmey, III, Asst. U. S. Atty., New York City, for defendant; Borge Varmer, Regional Atty., Region II, HEW, Barry J. Reiber, Asst. Regional Atty., HEW, I. M. Jones, Legal Asst., Dept. of Health, Education, and Welfare, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff seeks review of a determination by the Secretary of Health, Education, and Welfare denying him Supplemental Security Income ("SSI") benefits.[1] Plaintiff's application for benefits was denied after a hearing by an Administrative Law Judge ("ALJ") on July 8, 1976; that decision was affirmed by the Appeals Council of the Social Security Administration of the Department of Health, Education, and Welfare on December 2, 1976. This appeal timely followed.

Plaintiff contends that he has been disabled within the meaning of the Social Security Act[2] since his hospitalization for one week in November 1974 after an attack of bronchial asthma. Thus, plaintiff claims, he is qualified to receive SSI benefits.

At the time of plaintiff's initial hospitalization in 1974, he reported to the medical staff that he had suffered from asthma since 1959. The record indicates that plaintiff responded to treatment. When he left Bellevue Hospital on December 2, 1974, his lungs were clear, he was experiencing slight wheezing and he reportedly felt well. At that time he evidenced no shortness of breath after being given an informal walk test.

Plaintiff continued treatment on a regular basis at Bellevue and elsewhere. An August 1975 examination showed that plaintiff responded to bronchodilators, had good chest expansion and exhibited "hardly

1. *See* 42 U.S.C. § 1381 *et seq.* Judicial review of final determinations by the Secretary is provided by 42 U.S.C. § 1383(c)(3) which incorporates by reference the review provisions of 42 U.S.C. § 405(g).

2. An individual is considered disabled under the SSI program

    (A) . . . if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months (or, in the case of a child under the age of 18, if he suffers from any medically determinable physical or mental impairment of comparable severity).

    (B) For purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

    (C) For purposes of this paragraph, a physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

42 U.S.C. § 1382c(a)(3).

a wheeze." Over the next two months plaintiff suffered further attacks and wheezing, although his symptoms subsided through treatment. In November 1975 plaintiff evidenced rhonchi (abnormal sounds due to partial blockage of air channels) and some wheezing. The treating doctor at that time sent the Social Security Administration a letter stating that, in his opinion, plaintiff could not seek or keep gainful employment.

The administrative review of plaintiff's request for benefits began on December 31, 1975 with an initial denial of his application. Further disability interviews continued in early 1976. In April 1976, plaintiff was readmitted to Bellevue Hospital; his stay lasted three days. Examination at that time revealed "unlabored respirations," soft wheezes and no rhonchi. The treating doctor concluded that plaintiff's symptoms were minimal and that he was well by laboratory standards. A further examination in June 1976 indicated few rhonchi and low pitched wheezing.

After a hearing on June 30, 1976, the ALJ determined that the initial denial of benefits was proper and that plaintiff was not disabled under the relevant statutory provisions. The ALJ noted that the plaintiff responded to treatment and that his symptoms at that time were minimal. She found that the plaintiff was able to perform the light and sedentary work he had done before his first hospitalization.[3]

The plaintiff appealed the decision of the ALJ to the Appeals Council. Apparently after the ALJ's decision plaintiff was readmitted to Bellevue from July 6 to July 14, 1976 after another asthma attack. Following treatment at Bellevue, he submitted to the Appeals Council letters from a medical social worker and his treating physician. Both stated that plaintiff's condition had deteriorated to the point where he could no longer work. These letters are conclusory and unsubstantiated by any medical reports or data. The Appeals Council—which had these two letters as well as the administrative record before it—affirmed the decision of the ALJ.

■ This Court must determine, pursuant to section 205(g) of the Social Security Act, whether the Secretary's findings are "supported by substantial evidence."[4] A careful word-by-word review of the record clearly demonstrates that there is substantial evidentiary support for the conclusions of the Secretary.

■ While plaintiff has been hospitalized several times for asthma, he responds to treatment. Arrayed against the medical evidence of adequate treatment is the plaintiff's contention that his shortness of breath prohibits him from working. While the Secretary must take into account the plaintiff's subjective evaluations of his own condition,[5] such statements are not conclusive.[6] The record contains substantial evidence of the treatability of plaintiff's condition, his satisfactory response thereto, and no objective evidence of disability. Upon his discharge in June 1976, his treating physician wrote:

3. Plaintiff had previously worked as an operator of a photocopying machine, a metal plater of lamp parts and screws and a hotel porter.

4. That section, 42 U.S.C. § 405(g), provides: The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . . .
The burden of proving disability rests with the claimant. *Gold v. Secretary of HEW,* 463 F.2d 38, 41 (2d Cir. 1972).

5. *Deyo v. Weinberger,* 406 F.Supp. 968, 973 (S.D.N.Y.1975). *Cf. Cutler v. Weinberger,* 516 F.2d 1282, 1286–87 (2d Cir. 1975).

6. *Waters v. Gardner,* 452 F.2d 855, 857 (9th Cir. 1971); *Deyo v. Weinberger,* 406 F.Supp. 968, 973 (S.D.N.Y.1975) (citing cases). *See* 20 C.F.R. § 404.1501(c) (1977). As the First Circuit has stated, "if a claimant could, as a matter of law, overcome the effect of what would otherwise be substantial evidence of continued ability to work by his own testimony as to his condition, the Secretary would rarely if ever be justified in denying benefits." *Reyes Robles v. Finch,* 409 F.2d 84, 87 (1st Cir. 1969).

[There exists] a difficult social problem [because Mr. Mejias] feels that even now, when clinically he has minimal symptoms and objectively by laboratory parameters is very well[,] [he] feels that he is quite ill and cannot work.

■ Furthermore, the Court is not inclined to second-guess the evaluation of the hearing officer who had the benefit of observing plaintiff. "[W]here as here, there is evidence to support the examiner's determination, it would be improper to parse the cold record in search of a different result."[7] Nor do the letters submitted by the plaintiff to the Appeals Council warrant reversal of the Secretary's findings. As noted above, the letters include no medical evidence upon which an informed judgment concerning the state of the plaintiff's health may be based.[8]

Accordingly, upon the present state of the record, the Court affirms the decision of the Secretary to deny plaintiff SSI benefits. However, given the "remedial [and] beneficent"[9] purpose of the Social Security Act and the fact that plaintiff proceeded *pro se* before the administrative agencies, the dismissal of the complaint is without prejudice to further proceedings before the Social Security Administration if the plaintiff can adduce additional medical evidence beyond conclusory memoranda from hospital personnel of his claimed disability.

Judgment to be entered accordingly.

---

7. *Deyo v. Weinberger,* 406 F.Supp. 968, 974 (S.D.N.Y.1975). *See Wrennick v. Secretary of HEW,* 441 F.Supp. 482, 486 n. 13 (S.D.N.Y. 1977).

8. *Cf. Finnstrom v. Mathews,* 412 F.Supp. 415 (D.Ariz.1976) (remand is improper where addi-

tional evidence consists of doctor's affidavit that is unlikely to affect the decision of the hearing officer).

9. *Cutler v. Weinberger,* 516 F.2d 1282, 1285 (2d Cir. 1975).