**Goldie KAMINSKI, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.**

**No. 77 Civil 5245.**

United States District Court, S. D. New York.

Jan. 4, 1979.

Jane G. Stevens, New York City, for plaintiff.

Robert B. Fiske, Jr., U. S. Atty., S. D. New York, New York City, for defendant; Peter R. Paden, Asst. U. S. Atty., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff Goldie Kaminski commenced this action pursuant to section 205(g) of the Social Security Act [1] for judicial review of a final decision of the Secretary of Health, Education and Welfare ("HEW") denying plaintiff's application for disability insurance benefits.[2] Each side now moves for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure; plaintiff seeks reversal of the decision denying her benefits, and the defendant asks for judgment dismissing the complaint on the ground that the Secretary's determination is supported by substantial evidence in the administrative record. After a careful word-by-word reading of the administrative record, including various exhibits and the testimony taken at the hearing before the Administrative Law Judge ("ALJ"), the Court is persuaded that her findings are supported by substantial evidence and that the agency's decision should be sustained.

Plaintiff was employed for fifteen years as a secretary to a manager at General Motors Corporation; for the next five years, from 1970 to 1975, she worked in the Consumer Relation Department handling customer complaints. Both parties agree that since 1960 plaintiff has suffered nausea, pain, and psychological problems resulting primarily from a chronic ulcer condition. Although there is nothing in the record to indicate that the ulcer has ever perforated or caused plaintiff to be hospitalized, plaintiff was treated for the ulcer by her personal physician, David Levine, from 1960 to 1976.

Plaintiff ceased working in July 1975 and alleges that she is now totally disabled due to the ulcer. She applied in February 1976 for Social Security disability benefits and submitted a letter from Dr. Levine attesting to the nature of her ailments. To obtain information with respect to plaintiff's condition, the Government referred her to a psychiatrist, but plaintiff terminated the examination before its completion. On May 21, the agency denied the application for benefits.

In November 1976, plaintiff requested a reconsideration of the denial and submitted a second letter from Dr. Levine, which stated that her attacks of nausea had increased in severity in the last eighteen months and that "[t]he treatment which has worked excellently in the past is peace of mind in an environment free of emotional tensions."[3] On December 20, 1976, plaintiff was examined at HEW's expense by Dr. Theodore Gold. Dr. Gold noted that plaintiff had a history of almost continual symptoms, apparently due to a chronic duodenal ulcer allegedly demonstrated by x-rays. He further noted there was "no evidence in the form of a radiologist report to confirm this diagnosis." (The last x-ray report was taken in 1973.) Though plaintiff was "obviously very tense, anxious and depressed, making evaluation of her symptoms difficult," Dr. Gold concluded that without a "current upper GI [x-ray] series" he could not confirm that her symptoms were due to a chronic duodenal ulcer. Accordingly, plaintiff was requested to submit to "a current

---

1. 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Secretary [of HEW] made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . .")

2. The Act provides for "disability insurance benefit payments" for persons meeting the Act's requirements for "disability." *Id.* § 423.

"Disability" is defined under the Act as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Id.* § 423(d)(1).

3. *See* Administrative Record ("A.R.") at 104–05.

x-ray examination," but she refused.[4] Thereafter HEW denied the request for reconsideration in January 1977, and plaintiff sought a hearing before an ALJ.

A third letter from Dr. Levine was added to plaintiff's file in April; the doctor concluded that "[i]n the light of my long-term treatment and complete familiarity with Mrs. Kaminski's condition, I am of the definite opinion that she is totally and permanently disabled as far as any gainful occupation is concerned."[5] A hearing was held on plaintiff's application on May 5, 1977, with ALJ Mary Cerbone presiding. The Judge elicited from plaintiff a complete description of her physical symptoms and sought to persuade her to undergo the psychiatric and x-ray examinations sought by the Government's doctors; the record reveals that the Judge was most helpful in developing plaintiff's case and exploring possible sources of evidence.[6]

Judge Cerbone filed her opinion denying relief within a month of the hearing. The detailed decision of the ALJ rested upon her conclusions that "[t]he total evidence of the record does not support finding the nature, severity and extent of the pain as testified to" and that "claimant continues to possess the residual capacity to engage in light and sedentary physical activity on a sustained basis," that is, "to engage in her prior type work activity as a secretary or clerical work, not necessarily with her prior employer."[7] This determination was affirmed by the Social Security Appeals Council on August 24, 1977.

Plaintiff then commenced this action to review the Secretary's determination. Upon argument of plaintiff's motion and defendant's cross-motion under Rule 12(c), the Court ordered that "[i]f . . . plaintiff submits a letter to this Court stating that for the purpose of amplifying the record she agrees to undergo a G.I. [x-ray] series and a psychiatric evaluation, the Court will order a remand to the Secretary for the taking of new evidence and a new hearing before the ALJ." In a letter of November 3, 1978, plaintiff's attorney informed the Court that plaintiff still refused to undergo either an x-ray examination or psychiatric evaluation.[8] Thus the Court's determination must be based solely on the administrative record before it.

Section 205(g) requires that agency action be sustained if the decision is based on "substantial evidence" in the record, that is, " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "[9] In making this determination the Court must consider all the evi-

---

4. *Id.* at 107–08.

5. *Id.* at 114.

6. Plaintiff appeared pro se before the ALJ, who is required under HEW regulations to "inquire fully into the matters at issue." 20 C.F.R. § 404.927. Indeed, where the disability benefits claimant is unassisted by counsel, the ALJ has a duty " 'scrupulously and conscientiously [to] probe into, inquire of, and explore for all the relevant facts.' " *Gold v. Secretary of HEW,* 463 F.2d 38, 43 (2d Cir. 1972) (quoting *Hennig v. Gardner,* 276 F.Supp. 622, 624–25 (N.D.Tex. 1967)); *see Cutler v. Weinberger,* 516 F.2d 1282, 1286 (2d Cir. 1975); *Arvan v. Secretary of HEW,* Unempl.Ins.Rep. (CCH) ¶ 15,633 (S.D. N.Y. Sept. 27, 1977); *Lupinacci v. Mathews,* 433 F.Supp. 47 (S.D.N.Y.1977); *Fabiano v. Secretary of HEW,* Unempl.Ins.Rep. (CCH) ¶ 15,-250 (D.Conn. Mar. 25, 1977).

7. A.R. at 12. Since the ALJ found that plaintiff's "impairment did not prevent her from engaging in substantial gainful activity for any continuous period of at least 12 months which began on or before the date of this decision," the ALJ found that plaintiff "was not under a 'disability' within the meaning of the Social Security Act." *See* 42 U.S.C. § 423(d).

8. Her decision has not entered into the Court's judgment, which is based solely upon the record before the administrative agency. However, the letter by plaintiff's counsel so advising the Court contains many extrajudicial statements and includes a letter from a doctor which was not before the administrative agency—in fact, it was attached to plaintiff's brief on this motion. The attorney's letter shall not be deemed part of the record.

9. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)); *see Bastien v. Califano,* 572 F.2d 908, 912 (2d Cir. 1978); *Gold v. Secretary of HEW,* 463 F.2d 38, 41 (2d Cir. 1972); *Deyo v. Weinberger,* 406 F.Supp. 968, 969 (S.D.N.Y.1975).

dence in the record, including "(1) the objective medical facts; (2) diagnoses or medical opinions based on such facts; (3) subjective evidence of pain or disability testified to by the claimant or others; and (4) the claimant's educational background, age, and work experience." [10] In the instant case, it seems clear that plaintiff is afflicted with various ailments, including an ulcer. The issue presented, however, is whether the record supports plaintiff's contention that her impairment is "of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for [her], or whether [s]he would be hired if [s]he applied for work." [11]

The "objective medical evidence" in the case, standing alone, would yield little basis for overturning the Secretary's decision: Dr. Gold's examination was entirely inconclusive as to the extent or severity of plaintiff's ailments, and Dr. Levine's statement that she is disabled was made in conclusory terms and without setting forth the facts and reasons upon which it was based. "The Secretary is not bound by the physician's ultimate conclusion of disability," [12] and the ALJ in this case correctly found that Dr. Levine's conclusory statement was not sub-

stantially supported by other objective evidence in the record. For example, although the ulcer has been a chronic condition, there was no evidence that plaintiff had ever been hospitalized or that there had ever been bleeding connected with the ulcer. Moreover, the ALJ pointed out that plaintiff's collapse in 1975 was probably the result of the increased tensions associated with her job as "complaint representative" for General Motors. Together with the fact that plaintiff continued to work as a secretary from 1960 to 1970, while she was suffering from the ulcer, these findings lend substantial support to the Secretary's determination that the objective evidence did not indicate that plaintiff could not resume work as a secretary.

■ Of course, plaintiff's subjective complaints of pain and descriptions of symptomology, even though unsupported by clinical findings, must also be considered by the ALJ. [13] Such "subjective evidence," however, is not binding upon the ALJ, who must subject it to critical scrutiny. [14] In the present case, "[t]he testimony regarding the subjective symptomology is not fully credited by the ALJ." [15] The credibility of witnesses is a matter for the sound judgment of the ALJ; "where . . . there is evidence to support the examiner's determination, it would be improper for a reviewing court to parse the cold record in search of a different result." [16] There is such sup-

10. Bastien v. Califano, 572 F.2d 908, 912 (2d Cir. 1978); see Gold v. Secretary of HEW, 463 F.2d 38, 41 n. 2 (2d Cir. 1972).

11. 42 U.S.C. § 423(d)(2).

12. Hofacker v. Weinberger, 382 F.Supp. 572, 576 (S.D.N.Y.1974); see Mullen v. Gardner, 256 F.Supp. 588, 590 (E.D.N.Y.1966); cf. Ressegiue v. Secretary of HEW, 425 F.Supp. 160 (E.D.N.Y.1977) (HEW cannot reject statement of family doctor where there is no evidence in the record to rebut his conclusion of disability).

13. See Cutler v. Weinberger, 516 F.2d 1282, 1286–87 (2d Cir. 1975); Deyo v. Weinberger, 406 F.Supp. 968, 973 (S.D.N.Y.1975); Robinson v. Richardson, 360 F.Supp. 243, 248 (E.D.N.Y. 1973).

14. See Waters v. Gardner, 452 F.2d 855, 857 (9th Cir. 1971); Reyes Robles v. Finch, 409

F.2d 84, 87 (1st Cir. 1969) ("if a claimant could, as a matter of law, overcome the effect of what would otherwise be substantial evidence of continued ability to work by his own testimony as to his condition, the Secretary would rarely if ever be justified in denying benefits"); Mejias v. Social Security Administration, 445 F.Supp. 741, 743 (S.D.N.Y.1978); cf. 20 C.F.R. § 404.1501(c) ("Statements of the applicant, including his own description of his impairment (symptoms) are, alone, insufficient to establish the presence of a physical or mental impairment.")

15. A.R. at 12.

16. Deyo v. Weinberger, 406 F.Supp. 968, 974 (S.D.N.Y.1975); see Mejias v. Social Security Administration, 445 F.Supp. 741, 743–44 (S.D.N.Y.1978); Fields v. Secretary of HEW, 444 F.Supp. 1003, 1007 n. 17 (S.D.N.Y.1977).

port in the present case. Plaintiff's subjective claims of disabling pain are undermined by her continued employment from 1960 to 1975, her admissions that her condition has improved since 1975 and that she frequently takes long bus trips to visit her mother, and her failure since 1975 to seek out employment as a secretary in a less stressful environment than that at General Motors. The ALJ found that factors related to her work at General Motors handling customers' complaints exacerbated her symptoms. Thus the further finding that plaintiff is capable of employment as a secretary, "not necessarily with her prior employer," takes on added significance.

Plaintiff's subjective evidence is also drawn into question by her failure to submit to examinations requested by the agency in an effort to verify her medical problems. By refusing to cooperate with the agency's efforts to obtain pertinent objective information through x-rays and psychiatric evaluation, plaintiff has set herself up as the sole determinant of the controlling "facts" in the case; if the Court were to accept such a position, it would effectively foreclose meaningful agency scrutiny of disability claims grounded on subjective evidence. Indeed, the Secretary, under an administrative regulation promulgated by HEW, could have rested his determination solely on the fact that plaintiff refused to present herself for psychiatric or x-ray ex-amination, even after several requests, including the plea of the ALJ that plaintiff help her own case by cooperation.[17] However, the refusal was not the sole factor upon which the ALJ reached her decision. The ALJ noted that "[t]he refusal of the claimant to present herself for examination in this case . . . must be a factor to be construed unfavorably in her quest for benefits."[18] The record warrants her taking this into account, especially considering that the ALJ did not fully credit plaintiff's testimony regarding subjective symptomology.

Based on all the evidence in the administrative record, including the evidence submitted by physicians, plaintiff's medical records, her subjective testimony at the administrative hearing, and the findings of fact and credibility made by the ALJ, the Court finds that the Secretary's decision was founded upon substantial evidence.

The plaintiff's motion is denied; the defendant's motion is granted and plaintiff's complaint is dismissed.

---

17. *See* 20 C.F.R. § 404.1527:

 Upon reasonable notice of the time and place thereof, any individual alleged to be under a disability shall present himself for and submit to physical or mental examinations or tests, at the expense of the Administration, by a physician or other professional or technical source designated by the Administration or the State agency authorized to make determinations as to disability. If any such individual fails or refuses to present himself for any examination or test, such failure or refusal, unless the Secretary determines that there is good cause therefore, shall be a basis for determining that such individual is not under a disability.

 The Regulation is a valid interpretation of the Social Security Act. *See* 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."); *Guti-errez v. Secretary of HEW*, Unempl.Ins.Rep. (CCH) ¶ 14,255 (S.D.N.Y. Mar. 18, 1975). Moreover, the Regulation has been applied to deny disability benefits in cases where the claimant failed to undergo further x-rays on the grounds that they might be hazardous to one's health, *see Speake v. Mathews*, Unempl.Ins. Rep. (CCH) ¶ 14,805 (N.D.Ala. May 28, 1976), and where the claimant refused to undergo psychiatric evaluation to verify his subjective evidence, *see Gutierrez v. Secretary of HEW*, *supra*. Finally, there is nothing in the administrative record to indicate that plaintiff had "good cause" not to undergo the examinations. *Cf. Nichols v. Califano*, 556 F.2d 931 (9th Cir. 1977) (interpreting similar requirement in 20 C.F.R. § 404.1507); *Ressegiue v. Secretary of HEW*, 425 F.Supp. 160 (E.D.N.Y.1977) (good cause shown under 20 C.F.R. § 404.1527).

18. A.R. at 10.