Gettys JOHNSON, Plaintiff,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.

78 Civ. 3321.

United States District Court, S. D. New York.

June 27, 1979.

Gettys Johnson, pro se.

Robert B. Fiske, Jr., U. S. Atty., S. D. New York, New York City, Kent T. Stauffer, Asst. U. S. Atty., Borge Varmer, Regional Atty., Region II, for defendant; Marla G. Simpson, Asst. Regional Atty., U. S. Dept. of Health, Ed. and Welfare, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff commenced this action pursuant to section 205(g) of the Social Security Act [1] for judicial review of a final decision of the Secretary of Health, Education and Welfare ("Secretary") denying plaintiff's application for a period of disability and disability insurance benefits.[2] The Secretary now moves for judgment on the pleadings. The sole issue is whether the Secretary's determination that plaintiff was not "disabled" [3] from October 1975 to June 1978 within the meaning of the Act is supported by substantial evidence in the administrative record.[4] After a "searching investigation" [5] of the record as a whole, the Court is persuaded that the Secretary's determination must be sustained.

Plaintiff, a forty-six year old truck driver, claims an inability to work from October 15, 1975 to June 8, 1978 due to a back injury sustained when he fell in March 1975. He was treated at the Veterans Administration Hospital in the Bronx beginning in June 1975 and a diagnosis of slipped disc was then entered. After a follow-up visit in July 1975, the examining physician reported: "Much better; ready to return to work." The outpatient records of the Hospital, covering the period from July 1975 through April 1977, note that plaintiff had a twenty-year history of chronic low back pain, but also state: "appears very well"; "no known trauma"; "no muscles spasm"; "no sensory deficit"; "no sciatica"; "full range of motion in lumbo-sacral spine." He was also treated for high blood pressure of recent onset and advised to lose weight.

From September 1976 through June 1977, plaintiff was examined by five doctors, three of whom noted extensive Schmorl node formation in the lumbar spine. While this finding provided objective support for plaintiff's subjective complaints of pain, specifically that his back is "basically unstable to excessive physical activities" such as prolonged lifting, stooping or bending, the doctors concluded that he was "capable of returning to sedentary work such as chauffeuring as long as he does not lift anything heavy."

Plaintiff testified at the hearing that his back condition had been exacerbated by the fall in March 1975; that his condition returns to normal for months at a time and then becomes painful for similar time periods; that he renewed his license after the injury occurred because he did not consider his condition a hazard to driving; that his leg and arm movements would not be affected by the pain while driving but that it was difficult to get into a sitting position and once seated it was hard to get up. He further testified that his activities since the injury included doing a little housework, shopping, walking, going to movies, sitting in the park and visiting with friends and relatives. Further, in August 1977 plaintiff actually drove a tractor-trailer and helped to load it apparently without difficulty.

William Mooney, a vocational expert specializing in rehabilitation of the disabled, testified at the hearing that plaintiff's prior work as a tractor-trailer driver, which did not entail loading or unloading, is "medium" work; that assuming the restrictions and limitations plaintiff testified to, he would be able to perform such work on days when he was free of pain; that plaintiff's skills as a truck driver were readily transferable to jobs in the "light and sedentary" category. He enumerated specific occupations that plaintiff with his back limitations would be capable of performing and that existed in significant numbers in the region where plaintiff lives.

1.  42 U.S.C. § 405(g).

2.  *Id.* §§ 416(i), 423.

3.  *Id.* § 423(d)(1), (2)(A). *See id.* § 416(i)(1)(A).

4.  *Id.* § 405(g). *See Cutler v. Weinberger*, 516 F.2d 1282, 1285 (2d Cir. 1975); *Gold v. Secretary of Health, Educ. & Welfare*, 463 F.2d 38, 41 (2d Cir. 1972); *Kaminski v. Califano*, 465 F.Supp. 367 (S.D.N.Y.1979).

5.  *Gold v. Secretary of Health, Educ. & Welfare*, 463 F.2d 38, 43 (2d Cir. 1972).

■ In determining whether the Secretary's decision is supported by "substantial evidence," that is, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," [6] the Court must consider all the evidence in the record, including "(1) the objective medical facts; (2) diagnoses or medical opinions based on such facts; (3) subjective evidence of pain or disability testified to by the claimant or others; and (4) the claimant's educational background, age, and work experience." [7]

■ Plaintiff's subjective complaints, supported by objective medical facts, indicate that he is afflicted with a back ailment. The inquiry does not end there, [8] however, for plaintiff must show that his impairment was, during the relevant time period, "of such severity that he [was] not only unable to do his previous work but [could not], considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." [9] The impairment must be one which "has lasted or can be expected to last for a continuous period of not less than 12 months." [10]

For twenty years, while afflicted with a back ailment, plaintiff has driven tractor-trailers. Assuming his fall in March 1975 worsened his condition so that he could not resume his prior employment, a determination which the Secretary did not explicitly make, [11] there is nonetheless abundant evidence in the record that he maintained the residual capacity to perform substantial gainful activity in the light and sedentary work category. The Veterans Administration Hospital records indicate as early as July 1975 that he was ready to return to work and at no point in the remainder of the outpatient records through April 1977 is the opinion expressed that he was disabled. Nor did any of the doctors who examined him report an inability to work. In fact, two doctors concluded that he was capable of performing sedentary tasks, including chauffeuring. In confining his request for disability benefits to the period through June 8, 1978, plaintiff conceded, on the basis of a doctor's report from Harlem Hospital, that as of that date he was capable of performing light duty truck driving if no lifting or extensive walking were involved. This report, however, is entirely consistent with the diagnoses made during the period for which he claims a disability and thus lends support to the Secretary's conclusion that plaintiff's impairment was not of the requisite severity during that period. Finally, it is significant that plaintiff has not disputed that he could perform the alternative jobs enumerated by the vocational expert·and that in seeking employment, he has largely confined his efforts to his prior field.

The Secretary concluded that the plaintiff did not suffer functional limitations which would have precluded him from engaging in all types of substantial gainful activity during the period in issue. This

6. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). *See Bastien v. Califano*, 572 F.2d 908, 912 (2d Cir. 1978); *Deyo v. Weinberger*, 406 F.Supp. 968, 969 (S.D.N.Y.1975).

7. *Bastien v. Califano*, 572 F.2d 908, 912 (2d Cir. 1978). *See Gold v. Secretary of Health, Educ. & Welfare*, 463 F.2d 38, 41n. 2 (2d Cir. 1972).

8. *Pucci v. Richardson*, 369 F.Supp. 1344, 1347 (S.D.N.Y.1973). *See Reyes Robles v. Finch*, 409 F.2d 84, 87 (1st Cir. 1969); *Kaminski v. Califano*, 465 F.Supp. 367 (S.D.N.Y.1979); *Me-*

*jias v. Social Security Administration*, 445 F.Supp. 741, 743 (S.D.N.Y.1978).

9. 42 U.S.C. § 423(d)(2)(A).

10. *Id.* § 423(d)(1). *See id.* § 416(i)(1)(A).

11. On a finding that plaintiff is not able to return to his earlier employment, the burden shifts to the Secretary to demonstrate that he has the residual capacity to perform a specific job that exists in the national economy. *Small v. Califano*, 565 F.2d 797, 800 (1st Cir. 1977); *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976); *Kenny v. Weinberger*, 417 F.Supp. 393, 398 (E.D.N.Y.1976).

finding is supported by substantial evidence which "a reasonable mind might accept as adequate."

The motion of the Secretary for judgment on the pleadings rejecting plaintiff's claim is granted.