**Robert JANTZ, Plaintiff,**

v.

**Margaret M. HECKLER as Secretary of Health and Human Services, Defendant.**

**No. 83 Civ. 3460 (JES).**

United States District Court, S.D. New York.

Aug. 22, 1985.

Davison F. Moore, Poughkeepsie, N.Y., for plaintiff.

Rudolph W. Giuliani, U.S. Atty. for the S.D. of N.Y., New York City, for defend-

**586**

ant; Mark S. Sochaczewsky, Sp. Asst. U.S. Atty., Annette H. Blum, Regional Atty., Region II, Rosemarie E. Matera, Asst. Regional Atty., Office of the Gen. Counsel, Dept. of Health and Human Services, New York City, of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff Robert Jantz brings this action pursuant to 42 U.S.C. § 405(g) for review of the decision of defendant Heckler, Secretary of Health and Human Services, denying plaintiff's application for disability insurance benefits. The parties have filed cross motions for judgment on the pleadings. Fed.R.Civ.P. 12(c).[1]

The scope of judicial review in this type of action is quite limited, and does not allow the Court to decide the case de novo. See, e.g., Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir.1983) (per curiam); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980); Rivera v. Harris, 623 F.2d 212, 216 (2d Cir.1980). The only issue before the Court is whether the Secretary's decision is supported by substantial evidence. See 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28

L.Ed.2d 842 (1971); Donato v. Secretary of Health and Human Services, 721 F.2d 414, 418 (2d Cir.1983); Parker, supra, 626 F.2d at 231. Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Richardson, supra, 402 U.S. at 401, 92 S.Ct. at 1427 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

Plaintiff challenges the finding of the Administrative Law Judge ("ALJ")[2] that he is not disabled because he has the residual functional capacity to perform sedentary work in accordance with 20 C.F.R. § 404.1567.[3] However, based on the entire record, the Court cannot agree with plaintiff's contention that there is no substantial evidence to support the ALJ's finding that plaintiff is able to perform sedentary work.

■ A determination regarding disability must take into account (1) whether plaintiff is currently engaged in substantial gainful activity; (2) whether he has a severe impairment which significantly limits his physical ability to do basic work activities; (3) if plaintiff suffers such an impairment,

---

1. The case was originally referred to United States Magistrate Ruth V. Washington pursuant to 28 U.S.C. § 636(b). Magistrate Washington issued a Report and Recommendation, to which plaintiff objected because the Magistrate allegedly considered only the administrative record, without giving plaintiff an opportunity to submit any motion or memorandum supporting his claim. Without ruling on the merits of the Magistrate's Report, the Court granted the parties leave to file cross-motions for judgment on the pleadings. Oral argument was held on the motions. This Opinion and Order therefore constitutes the Court's de novo determinations.

2. Plaintiff requested review of the ALJ's decision by the Department of Health and Human Services Appeals Council. This request was denied, and therefore the ALJ's decision became the final decision of the Secretary.

3. 42 U.S.C. § 423(d) defines disability as an:

(1)(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for

a continuous period of not less than 12 months; ...

The statute further provides that:

(2)(A) an individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work....

The regulations provide that sedentary work: involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

whether that impairment is listed in the relevant regulation, in which case plaintiff is automatically to be considered disabled based solely upon medical evidence, and if not; (4) whether, despite plaintiff's severe impairment, he has the residual functional capacity to perform his past work; and (5) if unable to perform his past work, whether there is other work plaintiff could perform. *See, e.g.,* 20 C.F.R. § 404.1520; *Chico v. Schweiker,* 710 F.2d 947, 950–52 (2d Cir.1983); *Berry v. Schweiker,* 675 F.2d 464, 467 (2d Cir.1982) (per curiam). Plaintiff bears the burden of proof on disability, as reflected in items 1 through 4, and the Secretary bears the burden of proof on item 5. *See, e.g., Berry, supra,* 675 F.2d at 467; *Parker, supra,* 626 F.2d at 231.

■ In order to determine whether the Secretary's decision is supported by substantial evidence, the Court must look to the entire record, including objective medical facts and clinical findings, diagnoses and medical opinions of examining physicians, subjective evidence of pain and disability, and plaintiff's age, educational background, and work experience. *See, e.g., Monguer, supra,* 722 F.2d at 1037; *Carroll v. Secretary of Health and Human Services,* 705 F.2d 638, 642 (2d Cir. 1983); *Parker, supra,* 626 F.2d at 231; *Marcus v. Califano,* 615 F.2d 23, 26 n. 2 (2d Cir.1979). However, these factors need not be given equal weight. *See, e.g., Parker, supra,* 626 F.2d at 231.

The record indicates that Mr. Jantz was born on August 9, 1944, is a high school graduate, attended police training school, and worked from 1966 to 1981 as a police officer. In 1981 he injured his back in a fall while on duty, and has not been employed since that time. The ALJ found that plaintiff does suffer a severe impairment which prevents him from returning to his prior police work. Plaintiff does not dispute, however, that he does not suffer from an impairment listed in the regulations which renders him automatically disabled based on medical evidence alone.

Therefore, the only issue before the Court is whether there is substantial evidence to support the ALJ's finding that plaintiff retains the residual functional capacity to perform sedentary work. The burden of proof on this issue is on the Secretary.

■ The record contains no medical evidence that plaintiff is unable to perform any type of work.[4] However, there is abundant medical evidence that he is capable of performing sedentary work.

Dr. Magliato, an orthopedic surgeon working for the Police Department, reported in March 1982 that while plaintiff had signs of a lumbosacral strain, there was no sign of radiculopathy, and he did not feel plaintiff had any significant neurological deficits. He stated that with a few weeks of physical therapy, plaintiff should be able to perform light duties. *See* Transcript of Administrative Proceedings ("Tr.") 99–100.[5]

Especially significant is a report of the New York State Department of Social Services Office of Disability Determinations, dated July 13, 1982, which found that in an eight hour day plaintiff could sit for two hours, walk for six hours, stand for six hours, bend as needed, and lift or carry twenty pounds frequently. *See* Tr. at 84.

---

**4.** It appears that in January, February and October of 1982 plaintiff's treating physician, Dr. Pappalardo, indicated on Workers' Compensation forms that plaintiff was "disabled" but that the permanence of his disability could not be determined. *See* Tr. at 109–112. Plaintiff has not argued that this means he was "disabled" within the meaning of section 423(d). Nor did he introduce before the ALJ any evidence or testimony from Dr. Pappalardo as to the significance of these forms with respect to his ability to perform sedentary work. It is clear that Workers' Compensation forms indicating that plaintiff was "disabled" with respect to performing police work do not mandate a finding that plaintiff is unable to perform any type of work. Similarly, while the Medical Board of the Police Pension Fund found plaintiff "disabled" in the sense that he was unable to return to his police duties, it does not necessarily follow that plaintiff can engage in no substantial gainful employment.

**5.** As noted above, the Police Department subsequently found plaintiff unable to return to his work as a policeman.

588

The other medical evidence clearly indicated that plaintiff suffered from a lumbar disc disease but casts no light on plaintiff's ability to do sedentary work.

While it is unquestionably true that plaintiff has some pathology of the back, the medical evidence clearly supports the conclusion that plaintiff could perform sedentary work, especially since neither plaintiff's treating physician nor any consultative physician found that plaintiff was unable to perform sedentary work.[6] The only evidence plaintiff points to as supporting the conclusion that he is not able to perform sedentary work is his own testimony at the Administrative Law Hearing regarding his subjective pain and his limited daily activities.

 The Court recognizes that subjective pain must be considered and may properly be the basis for a finding of disability even absent supporting objective medical evidence. *See, e.g., Donato, supra,* 721 F.2d at 419; *Hankerson v. Harris,* 636 F.2d 893, 895 (2d Cir.1980); *Marcus, supra,* 615 F.2d at 27. The ALJ stated in his decision that he did take plaintiff's testimony of pain into account. However, the ALJ had discretion to weigh the credibility of this testimony, and in light of the rest of the evidence a finding of disability was not mandated by the subjective testimony regarding pain. *See, e.g., Vega v. Harris,* 636 F.2d 900, 904 (2d Cir.1981) (per curiam); *Marcus, supra,* 615 F.2d at 27; *Mejias v. Social Security Administration,* 445 F.Supp. 741, 743 (S.D.N.Y.1978). This is particularly so given the absence of any medical evidence supporting plaintiff's contention that he cannot perform sedentary work. *See, e.g., Rivera, supra,* 623 F.2d at 216; *Adams v. Fleming,* 276 F.2d 901, 904 (2d Cir.1960); *cf. Fields v. Secretary of Health, Education & Welfare,* 444 F.Supp.

1003, 1007 (S.D.N.Y.1977). The Court holds, therefore, that on this record the ALJ's finding that plaintiff can perform sedentary work is supported by substantial evidence.

 At oral argument counsel for plaintiff challenged the ALJ's finding with respect to plaintiff's ability to perform sedentary work on the ground that plaintiff's treating physicians never directly addressed the issue. Plaintiff was represented by counsel throughout the administrative proceedings and before this Court. Therefore, this is not a situation where the ALJ and the Court have the duty to search the record or request particular kinds of evidence, which would be the case where the plaintiff is unrepresented by counsel. *See, e.g., Hankerson, supra,* 636 F.2d at 895; *Cutler v. Weinberger,* 516 F.2d 1282, 1286 (2d Cir.1975); *cf. Gold v. Secretary of Health, Education & Welfare,* 463 F.2d 38, 43 (2d Cir.1972). Moreover, at oral argument plaintiff's counsel acknowledged that no evidence of plaintiff's inability to perform sedentary work existed at the time of the hearing before the ALJ, and that such evidence does not exist at present. There is therefore no new evidence to consider which would require a remand. *See, e.g.,* 42 U.S.C. § 405(g); *Mongeur, supra,* 722 F.2d at 1038; *Cutler, supra,* 516 F.2d at 1238.

Plaintiff's motion for judgment on the pleadings is therefore denied, defendant's motion for judgment on the pleadings is granted, and the decision of the Secretary is affirmed.

It is SO ORDERED.

---

**6.** In July 1982, plaintiff's treating physician Dr. Pappalardo stated in a letter to the New York State Department of Social Services Office of Disability Operations that in February 1982 plaintiff had demonstrated "suggestions of L5 S1 Lumbar Radidiculopathy [sic]," but that he was unable to determine whether plaintiff was "still disabled" as he had not seen plaintiff since February 1982. In December 1982, in response to a request of the ALJ for information regarding Mr. Jantz for use with respect to his application for disability insurance benefits, Dr. Pappalardo stated that plaintiff had "a suspicion of a Herniated Nucleus Pulposus" and would "not recover more than likely, without surgery." *See* Tr. at 94. He gave no opinion as to disability. Plaintiff did not submit any other medical information from Dr. Pappalardo.