James T. POPE

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare.

Civ. A. No. 74-2413.

United States District Court, E. D. Pennsylvania.

July 25, 1975.

Janet F. Stotland, Community Legal Services, West Philadelphia Law Center, Philadelphia, Pa., for plaintiff.

Michael B. L. Hepps, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

FOGEL, District Judge.

Before us for determination are cross motions for summary judgment that have been filed by the parties to this action in which we are asked to review a final decision of the Secretary of Health, Education and Welfare, denying disability benefits under the Social Security Act, as amended, 42 U.S.C. § ?01 *et seq.* The specific provision governing judicial review of decisions of the Secretary in matters of this kind is 42 U.S.C. § 405(g):

> (g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. . . . *The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .* [T]he Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or its [*sic*] decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based. *Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision.*

(Emphasis added).

This particular case was previously before another of my colleagues on this court. Plaintiff first filed his claim for total disability on April 14, 1970. The application was initially denied. On reconsideration it was again refused.

Claimant thereafter requested a hearing which was granted pursuant to his request. The evidence adduced at that hearing was considered *de novo*; plaintiff, who was represented by counsel, testified, and a vocational expert also gave testimony. On January 26, 1972, Administrative Law Judge Lightfoot rendered his decision in which he found that claimant was not under a disability for the period at issue. The Appeals Council thereafter approved that decision on May 25, 1972, and the Secretary subsequently adopted it as his final decision. Suit in the Eastern District of Pennsylvania was instituted, and resulted in Judge Gorbey's remand of the matter, on May 29, 1973, to the Secretary with directions for further, specific administrative action. The Appeals Council vacated its previous action and sent the case back to an administrative law judge for further proceedings. A supplemental hearing was then held on January 21, 1974, at which plaintiff and his attorney appeared. The claimant gave additional testimony; a neurosurgeon also testified on his behalf; and additional medical records and evaluations were submitted for consideration. The recommendation of the hearing judge, Judge Ennis, was to hold that plaintiff was not under a disability during the applicable period. On July 23, 1974, after considering the comments and exceptions of plaintiff's attorney, the Appeals Council adopted that recommendation, and, accordingly, it became the final decision of the Secretary. Plaintiff now seeks a review of this second determination of the Secretary of Health, Education and Welfare.

■■ In his remand of the matter in the first instance, Judge Gorbey concluded:

> In this case there is substantial evidence which would support the plaintiff's assertion that he is presently suffering from disabling pain. He has made similar complaints to physicians in the past and such pain might reasonably be associated with the plaintiff's eye condition. There is also substantial evidence which indicates the absence of disabling headaches at the last time the claimant was eligible for benefits. Claimant's application for disability benefits makes no mention of this condition, nor does the claimant's request for reconsideration, nor is there any reference to this condition in the report of the claimant's disability interview, nor has the plaintiff alluded to this condition in his letter of December 11, 1970. Accordingly, this matter should be remanded to the Secretary. After considering the plaintiff's assertions of pain and all other credible evidence, *the Secretary should determine: (1) whether the plaintiff is suffering from headaches and (2) whether such headaches either alone or in combination with the blindness in one eye are sufficiently severe to render the plaintiff disabled.*

*Pope v. Richardson,* Civil No. 72–1460 at 6 (E.D.Pa., May 29, 1973) (emphasis added; footnotes omitted). This conclusion came after an exhaustive review of the record and applicable case law. The vocational expert had been asked two hypothetical questions. The first question, which recited plaintiff's physical ailments and condition, sought to elicit if, in fact, jobs were available in the region, which the hypothesized claimant could perform, positing his specified physical condition, age, background, and education. The answer was in the affirmative. The second question considered the same material "and in addition, assumed that the claimant suffered severe, periodic headaches on a regular basis with extreme pain therefrom." *Id.* at 3–4. The answer to the second question was that the claimant could not, under such circumstances, find gainful employment. Judge Gorbey therefore determined that the only possible basis for the hearing examiner's denial of benefits was a finding that the plaintiff "was not suffering from 'severe, periodic headaches on a regular basis' or 'extreme pain' ", (*Id.* at 4), although there was not an explicit finding to this effect.

Further, the hearing examiner made only two oblique references to the subjective complaints of plaintiff:

"There is no medical diagnosis or medical documentation of the fact that the claimant suffered headaches with the regularity that he alleges prior to December 31, 1967."

*Id.* at 4; and:

"The allegation of headaches is not substantiated by medical evidence."

*Id.* Both of these statements implied that the hearing examiner had applied an incorrect standard of law in evaluating the evidence, since subjective pain must be considered by the examiner in arriving at a determination of disability; *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975); *Dillon v. Celebrezze,* 345 F.2d 753, 755 (4th Cir. 1965); moreover, such subjective pain need not be supported by any clinical findings, provided the requisite proof burden is satisfied. *Bittel v. Richardson,* 441 F.2d 1193, 1195 (3d Cir. 1971). Accordingly, the matter was remanded.

■ This history is pertinent to a delineation of our role in this case at this juncture. Title 42 U.S.C. § 405(g) requires us to apply the same "substantial evidence" test as our brother judge applied in his review. " '[S]ubstantial' means just that and is not the equivalent of a 'scintilla.' " *Hess v. Secretary,* 497 F.2d 837, 838 (3d Cir. 1974). Substantial evidence " 'must do more than create a suspicion of the existence of the fact to be established.' " *Rivas v. Weinberger,* 475 F.2d 255, 257 (5th Cir. 1973). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). My review is to be of the record as a whole. *Toborowski v. Finch,* 363 F. Supp. 717, 718 (E.D.Pa.1973).

Moreover, Judge Gorbey has already made just such a review with respect to all of the evidence presented at the first administrative hearing. The scope of the Secretary's authority on remand was specifically delimited by Judge Gorbey's instructions. Therefore, our task is limited to a determination as to whether the review mandated by the prior court order has been provided, and whether the questions directed to be answered on remand have in fact been fully explored in connection with the administrative redetermination.

The administrative law judge considered additional medical testimony presented on behalf of the claimant. He was also given records which were in existence prior to December 31, 1967, the date on which plaintiff's eligibility for Social Security disability benefits ceased, as well as records which were subsequent to that date. Dr. Silverstein testified at some length about the meaning of the records, and the extent to which they could furnish a profile of plaintiff's pain. The evidence established that plaintiff definitely had some medically demonstrable and describable ailment at the time of the second hearing, although the facts with respect to the pre-1968 situation obviously fell short of the quantity and quality of evidence required by the administrative judge. In his summary of the evidence, he reviewed all of the material he had received on the plaintiff's headache bouts. He also recited the plaintiff's work history from 1965 to 1971, during which period plaintiff had been confined in various penal institutions. In view of the subjective nature of the headaches, the administrative judge believed that any and all information was significant in making his determination. In addition, the examiner considered a hypothetical question put to the doctor in which he was asked for his opinion of the degree to which plaintiff's daily routine would have been affected, in view of the evidence of headaches that had been presented to him. The examiner's summation of this material was as follows:

When coupling the headaches in 1966 and 1967 with the blindness in the left

eye, the doctor was of the opinion that there would be relatively little, perhaps some limitation or restriction from a medical-functional point of view.

(T.R. 151). He then continued with his evaluation of the evidence:

Considering the minimal number of documented visits for treatment, the documented long periods between headache episodes, and the continuous and varied work activities of the claimant during his incarceration, it is established that he was not disabled as that term is defined in the Social Security Act. Even assuming that the headache episodes identified in the record are totally credible, their frequency was not such as to prevent claimant's engaging in the various work activities in prison. Further, the evidence substantially supports the conclusion that had he not been imprisoned he would have been able to be gainfully employed. The mere anticipation of a cluster of headaches some months in the unidentifiable future is not a sufficient basis for a disability finding.

To answer the specific issues propounded by the Court, the Administrative Law Judge is compelled to conclude that he cannot make a definitive finding as to whether or not the claimant, in fact, suffered from headaches. Assuming that there were episodes experienced by the claimant. as identified in the above review of the medical record, the frequency, duration and severity thereof, either alone or in combination with the blindness in the one eye, has not been established as being so severe as to have prevented claimant from engaging in any substantial gainful activity for any continuous period which lasted at least 12 months which commenced on or before December 31, 1967. *It must be further concluded that if claimant was suffering from headaches as so assumed, then such an impairment, ei-*

*ther alone or in combination with the blindness in the one eye, was not so severe as to prevent claimant from performing the various jobs identified by the Vocational Expert at the initial hearing.*

(T.R. 151) (emphasis added). The pertinent specific findings were:

2. That because of the subjective nature of claimant's contended headaches, a definitive finding cannot be made as to whether he actually suffered from headaches.

3. That the credible evidence of record establishes that if the claimant suffered from headaches (For the purposes of this finding, it will be assumed that the claimant suffered those episodes of headaches in the fall of 1965, 1967, 1968, 1971 and 1973 as identified in the medical record and as set forth above), that the frequency, duration, and severity of the headaches which he suffered, either alone or in combination with the blindness in one eye, were not such as to render claimant disabled as that term is defined in the Social Security Act at any time on or prior to December 31, 1967.

4. That the claimant at no time, on or before December 31, 1967, was unable to perform the duties of the various jobs identified by the Vocational Expert at the initial hearing.

(T.R. 152).

One additional aspect of the evidence is significant in weighing this administrative evaluation. Claimant testified that he had had headaches in 1965. A medical record from January 24, 1966, was presented to substantiate this claim. When deciphered by the combined efforts of the doctor, the judge, and the attorney, it disclosed:

Frequent left-sided severe headaches Oct. & November lasting 45–120 minutes, with tearing in the eyes, no

nausea. Then cleared since eating salt by the handful. [*sic*] (T.R. 275, 257). This caused the doctor to sit up suddenly and suggest that the headaches were likely to be psychosomatic or psychogenic, and not related to the later clinical symptoms of cluster headaches. While the doctor allowed that psychogenic headaches could result in actual pain, indeed, even extreme pain, he also said:

> [B]ut to me—but the—this sudden relief by taking a handful of salt or a handful—many handfuls of salt, it does not ring true that he had a real headache, what we're talking about, that's the—that's the important situation that's been brought up here.

(T.R. 264).

The administrative law judge had two questions to answer: whether the claimant was suffering from headaches, and whether such headaches either alone, or in combination with the blindness, were sufficiently severe to render the plaintiff disabled. The judge did not answer the first question, preferring to make the mysterious statement which we interpret to mean that he cannot judge the effect of the headaches because he is unable to get inside the plaintiff's head. He then assumed that the headaches were as severe in fact as the testimony of the claimant at the first hearing had made them out to be, and found that, notwithstanding this fact, the plaintiff was not disabled. We do not agree that there is substantial evidence for either finding.

There was significant and substantial evidence for the finding that the plaintiff did in fact suffer from severe headaches prior to December 31, 1967. The plaintiff's explanation for his reporting to duty in the prison despite the headaches—because one had to report, even if it were only to ask to go to the infirmary to be excused from work—provides a basis to deal with some of the work evidence which the judge relied upon. In the alternative, the law judge could have found that he disbelieved the testimony as to the extent and duration of the headaches. But his refusal to make any definite finding is simply not satisfactory, either under the directions of Judge Gorbey, or under the requirements of 42 U.S.C. § 405(b):

> The Secretary is *directed* to make findings of fact . . . .

(Emphasis added).

■■■ The administrative law judge then coppered his bets by answering the second question assuming, *arguendo*, that the headaches were as reported. However, he decided that even such headaches would not render the claimant disabled. We have already discussed the hypothetical question posed to the vocational expert in the first hearing. Based on the assumption of Judge Ennis, the expert would have said that *no* jobs were available. No additional vocational expert testimony was presented at the second hearing. There was, however, the statement of Dr. Silverstein that, in his opinion, the condition of the claimant would have very little effect on his daily routine and his ability to perform work. This statement, coming from a neurologist, but requested in the area of vocational flexibility, was immediately objected to. The objection was well-founded, in view of the purpose for which the doctor was called, and the absolute failure of the administrative law judge to qualify him as a vocational expert. *See, e. g.,* 2 J. Wigmore, Evidence § 555 (3d ed. 1940). While administrative hearings are not governed by strict rules of evidence, *Wallace Corp. v. NLRB,* 323 U.S. 248, 253, 65 S.Ct. 238, 89 L.Ed. 216 (1944), there are some limitations to receipt of evidence. In an opinion construing this very section of the Social Security Act, as amended, 42 U.S.C. § 405, the Supreme Court held that the fundamental fairness limitation was the extreme boundary for acceptable evidence. Even relevant hearsay evidence, provided it meets various general guidelines for necessity and probativeness, would be acceptable. But irrelevant evidence has never even been *implied* to be admissible. *Richardson v.*

*Perales,* 402 U.S. 389, 409, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The evidence on vocational capacity from a neurosurgeon in this hearing was clearly irrelevant, and could not be utilized in arriving at a determination of disability.

■ This conclusion on the inadmissibility of the doctor's opinion means that only one pair of hypotheticals could provide the evidence on job availability and capability under the assumed physical (or psychological) ailments of Mr. Pope. The third finding of the administrative law judge is completely at variance with the opinion of the expert. Since the vocational expert provided the only evidence on the subject, we must conclude that there is no substantial evidentiary basis for that finding of the Secretary. Therefore, this finding must also be remanded to the Secretary for further modification.

Inasmuch as the Secretary of Health, Education and Welfare has failed both to fulfill the instructions of Judge Gorbey, and to satisfy the requirements of 42 U.S.C. § 405, this matter is remanded for further proceedings consistent with this opinion and with the opinion of Judge Gorbey in Civil Number 72-1460. Specifically, a complete evidentiary record is to be made covering all aspects of the case, and complete and specific findings of fact are to be entered by the Administrative Judge. It is unfortunate that this matter must be remanded again. The reason for this rests with the Administrative official charged with the duty of complying with the statute, the regulations and the decisional law in fashioning his decision. We will enter the following Order accordingly.

### ORDER

And now, to wit, this 25th day of July, 1975, after consideration of the cross-motions for summary judgment, the memoranda in support thereof, the record in this case, the record, Opinion and Order filed in *Pope v. Weinberger,* Civil No. 72-1460 (E.D.Pa., May 29,

1973), and for the reasons set forth in the attached Opinion, it is hereby ordered as follows:

1. Plaintiff's motion for summary judgment be and the same hereby is denied;

2. Defendant's motion for summary judgment be and the same hereby is denied; and

3. The matter be remanded to ·the Secretary of Health, Education and Welfare for further proceedings consistent with this Order and Opinion and with the prior Opinion and Order in Civil Number 72-1460.