Louis NEUMERSKI

v.

Joseph A. CALIFANO, Jr., Secretary of the United States Department of Health, Education and Welfare.

Civ. A. No. 77–1603.

United States District Court,
E. D. Pennsylvania.

May 12, 1981.

H. Lee Weinrebe, Philadelphia, Pa., for plaintiff.

Gary Tilles, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

Before me, for the second time, are cross-motions for summary judgment in this action brought under 42 U.S.C. § 405(g) seeking review of the final decision of the Secretary of Health, Education and Welfare[1] (Secretary) denying plaintiff disability benefits under 42 U.S.C. §§ 416(i) & 423. Because the decision of the Secretary is not supported by substantial evidence his motion will be denied. Because plaintiff improperly refused to submit to examination, his motion for summary judgment will likewise be denied and the matter will again be remanded to the Secretary.

When I first considered this case in 1978, I denied both parties' motions for summary judgment and remanded the case to the Secretary to hear and evaluate evidence pertaining to the plaintiff's psychological condition. Such evidence had not been considered at the time the Secretary rendered his decision that plaintiff was capable of doing sedentary work and was, therefore, not statutorily disabled. I did conclude that the Secretary's finding that plaintiff had the physical ability to do sedentary work was supported by substantial evidence and the remand was for the sole purpose of evaluating the effect that the newly presented psychological evidence had on that determination. *Neumerski v. Califano*, 456 F.Supp. 979, 980 (E.D.Pa.1978). Accordingly, I will only consider the proceedings on remand in disposing of the motions now before me. *See Pope v. Weinberger*, 397 F.Supp. 856, 859 (E.D.Pa.1975).[2]

---

1. On May 4, 1980, the Department of Health, Education and Welfare was redesignated the Department of Health and Human Services pursuant to section 509 of the Department of Education Organization Act, 20 U.S.C. § 3508.

Currently the Secretary of Health and Human Services is Richard S. Schweiker.

2. Plaintiff has made two arguments which would, if accepted, require in effect, a re-evaluation of the initial proceeding. First, plaintiff

My memorandum and order of September 8, 1978, directed the Secretary to consider the effect of an affidavit and report by Leonard Paul, Ed.D, a forensic psychologist, that plaintiff suffered from "anxiety neurosis with concomitant organic brain dysfunction." The same Administrative Law Judge (ALJ) who presided at the initial hearing conducted a further hearing on March 22, 1979. Dr. Paul's reports were admitted in evidence and he also testified at the hearing, as did Philip Spergel, Ed.D, who testified as the Secretary's vocational expert and as a clinical psychologist.[3]

On July 27, 1979, the ALJ rendered his decision recommending that plaintiff not be granted benefits based on the ALJ's finding that "the record fails to clearly establish that [plaintiff's organic brain dysfunction and anxiety neurosis] was of a level of severity as of March 31, 1976 (the last date at which plaintiff met the special earnings requirement of the Social Security Act) as would either alone or in combination with the claimant's physical impairments have prevented him from performing sedentary work." (Record at 181)

Plaintiff filed exceptions to the ALJ's report with the Appeals Council. The Appeals Council requested plaintiff to submit to an examination. Plaintiff refused to be examined without his counsel being present and, accordingly, he was not examined. On October 22, 1980, the Appeals Council denied the plaintiff's claim for disability benefits, stating "[u]pon review of the evidence presently of record, and considering the attorney's refusal to permit the claimant to undergo psychiatric and psychological examination as requested, the Appeals Council adopts the findings and conclusions in the recommended decision." This became the final decision of the Secretary. Both parties then moved for summary judgment in this court pursuant to F.R.Civ.P. 56(b).

■ The test for statutory disability under the Social Security Act entails two distinct inquiries: (1) the determination of the extent of the disability and (2) the determination of whether that impairment results in inability to engage in substantial gainful activity. *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979). In the instant case plaintiff satisfied his burden by establishing at the initial hearing that, because of his back injury, he was physically unable to return to his former job involving heavy lifting.

argues that the testimony of Ralph Chase, the vocational expert who testified at the initial hearing, should be disregarded because he was not a licensed psychologist in Pennsylvania at the time he testified. Accepting the factual allegation as true, Dr. Spergel, the Secretary's vocational expert at the second hearing, gave substantially similar testimony. Indeed, instead of relying on the initial "expert's" testimony, as plaintiff contends, Dr. Spergel made adjustments to the recommendations made by the expert in the first proceeding. Record at 15–16. Accordingly, in light of Dr. Spergel's testimony, Chase's testimony is cumulative and his asserted lack of qualification does not undermine the validity of the Secretary's initial determination.

Second, plaintiff contends that the Secretary erred on remand by not allowing two medical reports into evidence. These reports essentially consider plaintiff's physical condition, a subject which was amply considered in the initial proceeding. They shed no light on the psychological condition of plaintiff which was the purpose of the remand. The Administrative Law Judge (ALJ) did not err in excluding these reports in light of my order delineating the scope of the proceedings on remand.

3. Plaintiff contends that the ALJ improperly allowed Dr. Spergel to testify on the extent of plaintiff's psychological impairment. While it is true that a vocational expert may not diagnose a claimant, *see Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979), in the instant case plaintiff's counsel did not object to Dr. Spergel's testifying as both a vocational expert and as a clinical psychologist. Record at 213. The record states:

"Administrative Law Judge: Do you have any objections to Dr. Spergel's qualifications to testify?

Mr. Weinrebe: I just have a couple of questions in relation to it.

Administrative Law Judge: *Either as a vocational expert or as a clinical psychologist?*

Mr. Weinrebe: *I have no objection to his testifying.* I just have a couple of questions in relation to his background."

*Id.* (emphasis supplied).

The issue of the weight to be accorded Dr. Spergel's testimony as a clinical psychologist, in light of the fact that he did not examine plaintiff, is discussed in the body of the opinion.

*See Rossi v. Califano, supra; Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). It was then incumbent upon the Secretary to rebut plaintiff's showing of disability and to establish plaintiff's ability to engage in substantial gainful activity. *Dobrowolsky v. Califano, supra; Rossi v. Califano, supra.* The Third Circuit has warned that the Secretary's responsibility to rebut is to be "strictly construed." *Dobrowolsky v. Califano, supra,* at 407.

The Secretary found that plaintiff's emotional impairment and organic brain dysfunction were not severe enough to prevent him from doing sedentary work. If that finding is supported by substantial evidence it must be accepted. 42 U.S.C. § 405(g); *Cotter v. Harris,* 642 F.2d 700 (3d Cir. 1981). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Dobrowolsky v. Califano, supra,* 606 F.2d at 406 (3d Cir. 1979), *quoting Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

 In his initial report, written after an approximately five hour examination of plaintiff (Record at 297), Dr. Paul wrote: " . . . Because of his age, education, previous work experience, measured interests and aptitudes along with physical and emotional problems, it is my considered judgement that he cannot be retrained to become gainfully employed. Although he has good manual dexterity, organicity contributes to a decreased attention span. Deficiencies in underlying skills of mechanical reasoning, space relations, and clerical aptitude would make it difficult for him to use manual dexterity in a competitive work setting. His emotional problems have undermined his confidence. The intensity of pain that he has experienced when he tries new situations has led to a significantly restricted pattern of daily living in contrast to his previous range of activities. As he con-

templates his future, his immediate inclination is toward pessimism. This is very understandable in light of his physical and emotional problems. Thus, prospects for any rehabilitative efforts are very poor."

Dr. Paul's second report and his testimony reiterate that conclusion. He also testified that plaintiff's emotional problems were present at the time of his back injury in 1970, and continued to the date of the hearing. (Record at 282) These opinions were based on Dr. Paul's personal observations of plaintiff on two occasions and the results of a battery of psychological tests administered to plaintiff.[4] Reports of psychologists are relevant medical evidence. *See Martin v. Califano,* Emp.Ins.Rep. (CCH) [1979 Transfer Binder] ¶ 16,118 at 2099-20 (N.D. W.Va., Sept. 1, 1978). *See also Muldrow v. Harris,* 1A Emp.Ins.Rep. (CCH) ¶ 17,207 at 1999-60 at n.1 (D.C.Cir., Aug. 26, 1980) (social worker). The ALJ's decision rejecting Dr. Paul's diagnosis and prognosis was based on the testimony of Dr. Spergel and on a number of observations the ALJ made of plaintiff during his testimony at the initial hearing. Dr. Spergel read Dr. Paul's reports prior to testifying, but he did not at any time examine plaintiff or review the actual results of the tests administered by Dr. Paul. Because of these facts Dr. Spergel's testimony as to plaintiff's psychological condition does not constitute substantial evidence in support of the ALJ's finding that plaintiff's mental impairment was minimal in light of the examining psychologist's contrary opinion. *Martin v. Califano,* [1979 Transfer Binder] ¶ 16,118 at 2099-30 (N.D.W.Va., Sept. 1, 1978). *See Marbury v. Matthews,* 433 F.Supp. 1081, 1084 (W.D.N. Y.1971); *Martin v. Secretary of Department of Health, Education and Welfare,* 492 F.2d 905, 908 (4th Cir. 1974); *Sower v. Califano,* Emp.Ins.Rep. (CCH) [1978 Transfer Binder] ¶ 15,672 at 2168 (W.D.Mich., Dec. 7, 1977).

4. Dr. Paul administered the following tests: human figure drawing; Bender-Gestalt; Rorschach; Thematic Apperception; Stanford-Binet Intelligence Scale (Form L–H); Wide Range Achievement; Geist Picture Interest Invento-

ry; Differential Aptitude; subtests of mechanical reasoning, space relations, and clerical speed and accuracy, and an informal measure of manual dexterity, *i. e.,* sewing a button on cloth.

The ALJ also found that plaintiff did not establish that he "sustain[ed] ... organic brain dysfunction resulting from meningitis." (Record at 177). This finding also is not supported by substantial evidence. It was based on the ALJ's conclusion that plaintiff had failed to establish that he had had meningitis. It misstates the conclusions reached by Dr. Paul since Dr. Paul's finding of organic brain dysfunction did not rely on the fact that plaintiff had had meningitis, but rather, relied on the results of the Bender-Gestalt test administered to plaintiff in 1977. Again, Dr. Spergel's testimony that he would not necessarily have diagnosed organic brain dysfunction from the Bender-Gestalt results is not substantial evidence to support a finding that there was no organic brain dysfunction, especially where Dr. Spergel did not study the actual test results. The ALJ also cited Dr. Paul's failure to order follow-up neurological studies as a further indication that plaintiff failed to establish that he suffered from organic brain dysfunction. This does not constitute substantial evidence to support the ALJ's finding. Clearly the ALJ cannot substitute his own expertise for that of a physician or psychologist who examined plaintiff. *Gober v. Matthews*, 574 F.2d 772, 777 (3d Cir. 1978); *Alvarez v. Califano*, 483 F.Supp. 1284, 1285 (E.D.Pa.1980). There is no medical or psychological evidence in the record contrary to Dr. Paul's reports and testimony concerning the existence of organic brain dysfunction. In light of the above, the ALJ's finding of no organic brain dysfunction was speculative and accordingly it is not substantial evidence supporting the ALJ's decision. *See Smith v. Califano*, 637 F.2d 968 at 972 (3d Cir., Jan. 13, 1980).

The non-psychological evidence also does not support the ALJ's finding that plaintiff's emotional and organic impairments were not severe enough to preclude him from doing sedentary work. Dr. Spergel's opinion, given in his role as a vocational expert, that plaintiff can do sedentary work is not substantial evidence for a finding to that effect unless there is sufficient evidence to support the ALJ's finding that plaintiff's impairments were minimal. *See Spicer v. Califano*, 461 F.Supp. 40, 47 (N.D. N.Y.1978); *Brittingham v. Weinberger*, 408 F.Supp. 606, 614 (E.D.Pa.1976).

A reading of the ALJ's decision suggests that he felt that the psychological testimony was inconclusive and, to support his conclusion that plaintiff was not disabled, he placed considerable weight on the fact that plaintiff was able to drive his car. He opined that if plaintiff had a sufficient attention span and ability to perceive spatial relationships to drive he was able to perform sedentary work. An ALJ may not infer a lack of disability on the basis that a claimant engages in sporadic activity where there is uncontroverted medical testimony to the contrary. *See Smith v. Califano*, 637 F.2d 968 (3d Cir., 1981). In *Smith* the ALJ denied the claimant benefits because he had full use of his arms and legs, went shopping and, on occasion, went hunting. In reversing the district court's affirmance of this decision, Judge Higginbotham wrote:

"Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity. Smith's activities are miniscule when compared to a plethora of cases which have held that there was total disability even when the claimant was far more active than Smith. It is well established that sporadic or transitory activity does not disprove disability.... As the court noted in *Willem v. Richardson*, 490 F.2d 1247 (8th Cir. 1974) '[the claimant's] sporadic and transitory activities may demonstrate not his ability but his inability to engage in substantial gainful activity.'" *Id.* at p. 971.

Along the same line, the ALJ's findings that plaintiff was able to drive, lived with his wife, enjoyed a friendly relationship with his daughter, occasionally walked his daughter to school, had visits from his neighbor and related appropriately at the hearing, do not furnish substantial evidence to support a finding that plaintiff's emotional impairment was minimal in light of an examining psychologist's opinion to the

contrary. *See Muldrow v. Harris*, 1A Unemployment Ins.Rep. (CCH) ¶ 17,207, at 1999–61, 62 (D.C.Cir., Aug. 26, 1980); *Alvarez v. Califano*, 483 F.Supp. 1284, 1286 (E.D. Pa.1980).

It is apparent, therefore, that the ALJ drew a number of impermissible inferences to rebut Dr. Paul's diagnosis of organicity and emotional impairment. Further, there is not adequate expert testimony in this record contrary to Dr. Paul's diagnosis. Accordingly, the ALJ's finding that plaintiff's organic and emotional impairments were not severe enough to preclude him from doing sedentary work is not supported by substantial evidence and the Secretary has not established that plaintiff can engage in substantial gainful activity. The Secretary's motion for summary judgment will be denied.[5]

▮ Where the Secretary has not rebutted plaintiff's prima facie showing of disability, a reviewing court may choose to reverse, with or without remanding for further hearing. *Livingston v. Califano*, 614 F.2d 342, 345 (3d Cir. 1980). The court's power to remand in such a situation has not been circumscribed by the 1980 amendment to 42 U.S.C. § 405(g). *Boyle v. Harris*, 506 F.Supp. 294 at 298, n.5 (E.D.Pa., Dec. 19, 1980); *Torres v. Harris*, 502 F.Supp. 518, 520 (E.D.Pa.1980). Because of the dispute

in the instant case concerning plaintiff's refusal to undergo examination unless his counsel was present, outright reversal and a grant of plaintiff's motion for summary judgment would be inappropriate. *Cf. Kaminski v. Califano*, 465 F.Supp. 367, 371 (S.D.N.Y.1979). The regulations in effect at the time the Appeals Council rendered its decision provided "... if any ... individual fails or refuses to present himself for any examination or test, such failure or refusal, unless the Secretary determines that there is good cause therefore, shall be a basis for determining that such individual is not under a disability." 20 C.F.R. § 404.1527 (1970).[6] There are no reported cases decided under the Social Security Act which consider whether the refusal of a request to have an attorney present at a consultative psychological examination is good cause for failure to report for the examination. Plaintiff argues that the refusal to submit to examination was justified because the Appeals Council's request for further examination somehow gave the proceedings an adversarial taint and therefore his presence was necessary to protect his client. That plaintiff's argument is flawed is evident in light of the fact that an attorney has no right to be present at medical or psychological examinations in truly adversarial civil litigation. In the cases decided under Rule 35 of the Federal Rules of Civil Procedure,

---

**5.** The Secretary contends in the alternative, that denial of benefits to plaintiff was proper because plaintiff would not undergo an examination requested by the Appeals Council unless his counsel was present. Because the doctors would not examine plaintiff with counsel present the requested examination never took place. While it is true that failure to undergo a requested examination "shall be a basis for determining that [an] individual is not under a disability," 20 CFR § 404.1527 recodified at 20 C.F.R. § 404.1518, *see* 45 Fed.Reg. 55587 (August 20, 1980); *see Kaminski v. Califano*, 465 F.Supp. 367, 371 (D.C.S.D.N.Y.1979); in the instant case plaintiff's failure to undergo the examination was not the sole basis of the Appeals Council's denial of benefits. Rather, the Appeals Council also adopted the findings and conclusions of the Administrative Law Judge who, because he issued his decision prior to the request for examination, did not consider plaintiff's refusal in formulating his decision. Because the ALJ's findings, which were adopted as one of the bases for the Appeals Council's

decision, were not supported by substantial evidence, and because it is unclear what weight the Appeals Council gave plaintiff's refusal to undergo treatment, the Appeals Council's decision is also deficient. *See Cox v. Secretary of HEW*, 465 F.Supp. 1,195 (E.D.Mich.1979).

**6.** This regulation has been recodified at 20 C.F.R. § 404.1518, *see* 45 Fed.Reg. 55587 (Aug. 20, 1980). The new 20 C.F.R. § 404.1518(a) provides that the Secretary may determine that no disability exists for failure to report to an examination unless there is good reason to do so. Subsection (b) of this regulation sets forth examples of good reasons which are: (1) illness on the date of the examination; (2) lack of timely notice of the examination; (3) lack of correct information regarding the time, place, and manner of the examination; (4) death or serious illness of a member of the examinee's immediate family; and subsection (c) objections by the examinee's physician.

it has been consistently held that a party has no right to have his attorney present at a court ordered examination. *See e. g., Brandenberg v. El Al Airlines*, 79 F.R.D. 543, 546 (S.D.N.Y.1978); *Warrick v. Brode*, 46 F.R.D. 427, 428 (D.Del.1969); *Dziwanoski v. Ocean Carriers Corp.*, 26 F.R.D. 595 (D.Md.1960). This is especially true in psychological examinations which depend on "unimpeded one-on-one communication between doctor and patient." *Brandenberg v. El Al Airlines, supra. See also Swift v. Swift*, 64 F.R.D. 440, 443 (E.D.N.Y.1974) (Examinee's physician is not entitled to be present at a court ordered psychiatric examination). In fact, in the instant case no doctor would perform the examination if plaintiff's attorney was present. Accordingly, plaintiff had no right to have his attorney present at the ordered psychological examination.

■ Further, plaintiff's argument that the consultative examination was unwarranted because it was ordered by the Appeals Council and not the Administrative Law Judge is without merit. The Appeals Council has the power to order that a claimant submit to additional tests. *See Brown v. Gardner*, 249 F.Supp. 968, 969 (N.D.Ala. 1965).

■ In light of plaintiff's unjustifiable refusal to submit to examination, I am not persuaded that this is a proper case to grant summary judgment in plaintiff's favor despite the fact that the Secretary's denial of benefits was not supported by substantial evidence. To grant plaintiff's motion would result in allowing the claimant to set himself up as the "sole determinant of the controlling facts in the case." *Kaminski v. Califano, supra*, 465 F.Supp. at 371. Plaintiff's motion will, therefore, also be denied and the case will be remanded to the Secretary with the direction that plaintiff shall submit to such additional examinations as the Secretary shall require bearing on the severity of plaintiff's organic brain dysfunction and emotional impairments.