Victor QUINONES, Plaintiff,

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

No. CV–82–1357.

United States District Court, E.D. New York.

June 23, 1983.

Binder & Binder by Charles E. Binder, Hauppauge, N.Y., for plaintiff.

Raymond J. Dearie, U.S. Atty. by Jo Davis, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

ALTIMARI, District Judge.

By report and recommendation dated May 5, 1983, United States Magistrate David F. Jordan stated his belief that this case should be remanded for further development of the record regarding plaintiff's residual functional capacity (RFC). By letter dated May 18, 1983, plaintiff objects to the report of the Magistrate that plaintiff is unable to perform sedentary work, and presents additional objections to findings by the ALJ and the Appeals Council as well as the report. Pursuant to 28 U.S.C. § 636(b), the district court judge shall make a *de novo* determination of those portions of the Magistrate's report to which objections are made. Additionally, 42 U.S.C. § 405(g) permits the Court to review the findings of the Secretary to the extent of the evidence in the administrative record, but directs the Court to affirm any finding of fact by the Secretary that is supported by substantial evidence. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

The facts may be summarized as follows. Plaintiff claimed disability as of December 30, 1980, due to Hodgkin's Disease and low back pain. The ALJ denied a finding of disability because the Hodgkin's Disease was controlled by chemotherapy (see listing 13.06(A) of Appendix 1 of 20 C.F.R. Subpart P, titled Category of Impairments, Neoplastic Diseases—Malignant, where it is stated that Hodgkin's Disease is disabling only if progressive and not controlled by prescribed therapy), and the back pain had disappeared by June 1981. The Appeals Council declined to review the decision of the ALJ on May 26, 1982, even after considering plaintiff's new evidence, in the form of a letter from his treating physician, D. Paul Hyman, which stated that plaintiff's Hodgkin's Disease had recurred. Even though plaintiff was again undergoing chemotherapy, Dr. Hyman considered the prognosis to be guarded and the outlook for cure uncertain.

The findings by the ALJ regarding the side-effects of chemotherapy are not supported by substantial evidence. In Appendix 1 of Subpart P, 20 C.F.R., under the Listing of Impairments, section 13.00(D), it states: "Where the impairment is not listed in the Listing of Impairments . . ., the impact of any residual impairment *including that caused by therapy must be considered.* The therapeutic regimen and consequent adverse response to therapy may vary widely; therefore, each case must be considered on an individual basis." (Emphasis supplied.) Plaintiff undergoes chemotherapy every two weeks, and it is uncontroverted that he experiences episodes of vomiting after each treatment. Such episodes often last up to eight hours, during which the plaintiff is incapacitated. Additionally, plaintiff alleges in the record that he is "weak most of the time" between treatments and is incapable of doing anything else besides watching television and listening to the radio.

The ALJ determined that, at worst, plaintiff is only disabled on the two days each month when he receives chemotherapy and experiences the prolonged vomiting. However, neither the ALJ nor the Magistrate addressed any of the other side-effects of the therapy that were brought out in the record; i.e., nausea, bone-marrow suppression, and fatigue. Section 13.00(D) of Appendix 1 requires the Secretary to evaluate the impact of *any* residual impairment caused by therapy. It is well-settled that the ALJ has an affirmative obligation to fully and fairly develop the record, and to inquire completely into the matters at issue. *See, Carter v. Schweiker,* 649 F.2d 937 (2d Cir.1981). Moreover, claimant's impairments are to be considered in combination. *Kolodnay v. Schweiker,* 680 F.2d 878 (2nd Cir.1982). Accordingly, the Court finds the previous determinations regarding the severity of plaintiff's residual impairments are not supported by substantial evidence.

The Court is also of the opinion that the testimony of Dr. Hyman was not given adequate weight. His testimony was not before the ALJ but was presented to the Appeals Council on request for review. As such, if the evidence is new and material to the case, the Council will evaluate the new evidence in light of the entire administrative record. 20 C.F.R. § 404.970(b). In this case, the Council determined that Dr. Hyman's report only reflected what was already in the record, and as such was not new or material. The Court believes this to be error.

It is well-settled that the testimony of the treating physician carries great weight and is binding unless substantial evidence to the contrary exists. *McLaughlin v. Secretary,* 612 F.2d 701, 705 (2d Cir. 1979); *accord, Bastien v. Califano,* 572 F.2d 908, 912 (2d Cir.1978). Dr. Hyman's letter dated January 20, 1982 found that the plaintiff had suffered a recurrence of the Hodgkin's Disease. His prognosis was guarded, and his outlook for cure was uncertain. The doctor's testimony was uncontroverted. A previous treating physician, Dr. M. Saha-Adat Hussain, in a report dated May 31, 1981 found that the plaintiff was responding to therapy and the disease was in apparent remission. At the very least, the Appeal Council should have re-

manded the case to the ALJ to receive new evidence on the issue of whether in light of Dr. Hyman's letter, the disease was, in fact, being controlled pursuant to 20 C.F.R. § 404.976(b) or had worsened. Indeed, it may well be that the plaintiff met the qualifications for impairment under Appendix 1, § 13.06(A), *supra,* since there was evidence that the disease was not being controlled by the therapy. To qualify as disabling, 13.06(A) also requires the disease to be progressive. This term is defined by Schmidt's Attorneys's Dictionary of Medicine as "spreading; extending; increasing in severity, worsening." Since plaintiff's prognosis was found to be guarded by Dr. Hyman, at the very least, this is "worse" than being in remission, which was plaintiff's condition at the time of the ALJ's decision. Additionally, there are no reasons given by the Appeals Council for their determination that Dr. Hyman's testimony added nothing to the record. It has been held that the Secretary must not only indicate explicitly that all the relevant evidence has been weighed, but must also indicate the relative weight of that evidence. *Stawls v. Califano,* 596 F.2d 1209, 1213 (4th Cir.1979). Accordingly, the discounting of the uncontroverted testimony of Dr. Hyman constitutes error by the Appeals Council.

■ We also believe that the discounting of plaintiff's allegations of subjective back pain by the ALJ was error. Plaintiff testified before the ALJ that he could not sit for more than ten minutes without experiencing great discomfort. However, the ALJ placed substantial emphasis on the fact that plaintiff seemed to be in no difficulty during the 18 minute hearing and that plaintiff drove himself 1½ hours to the hearing. This application of a "sit and squirm" index is not entitled to great weight in this Circuit. *Aubeuf v. Schweiker,* 649 F.2d 107, 113 (2d Cir.1981). Plaintiff's ability to drive is not dispositive of the question of his pain. *See, Neumerski v. Califano,* 513 F.Supp. 1011 (E.D.Pa.1981), where the ALJ placed considerable emphasis on the plaintiff's ability to drive a car. The court held that the ALJ may not infer a lack of dis-

ability on the basis of a claimant's engaging in sporadic activity where there is uncontroverted medical testimony to the contrary. *Id.* at 1015. *Accord, Smith v. Califano,* 637 F.2d 968 (3d Cir.1981).

While the ALJ did note that plaintiff's myelogram indicated spondylosis at L–5, the ALJ discounted plaintiff's testimony as to subjective pain. In *Gallagher v. Schweiker,* 697 F.2d 82 (2d Cir.1983), the court held that subjective pain may be considered in a disability evaluation if there is an impairment that is demonstrable by objective medical techniques. The fact that such an impairment does not normally cause pain is not controlling. *Id.* at 84. In the case at bar, the ALJ analyzed the medical evidence of spondylosis and concluded that the findings showed no extradural defect. However, the ALJ ignored tomographic findings of L–4 and L–5 indicating a condition consistent with metastatic Hodgkin's Disease to the bone. The discounting of plaintiff's pain in light of this uncontroverted medical evidence is error. *Aubeuf, supra,* at 112–13. *Accord, Marcus v. Califano,* 615 F.2d 23, 27 (2d Cir.1979).

■ Plaintiff's final allegation of error is that the standards of 20 C.F.R. § 404, Appendix II, also known as the GRIDS, were incorrectly applied to him. This Court agrees with the plaintiff. While the constitutionality of the GRIDS was upheld by the Supreme Court in *Heckler v. Campbell,* —— U.S. ——, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983), it is the opinion of this Court that they were incorrectly applied to this plaintiff as a matter of law.

While plaintiff alleged back pain, an exertional impairment (i.e., one that limits a claimant's ability to meet the strength requirements of a job), he also suffers from Hodgkin's Disease and the side-effects of chemotherapy. These side-effects (nausea, vomiting, fatigue) are non-exertional impairments; they affect plaintiff's ability to perform any activity, strength-related or not. They do not manifest themselves only when plaintiff exerts himself physically, but are present at all times.

In Appendix II, § 200.00(e)(1), it is stated that the rules do not direct factual conclusions of disabled or not disabled for individuals with solely non-exertional impairments. Where there is a combination of exertional and non-exertional limitations, § 200.00(e)(2) controls, and states that the rules in Appendix II are first considered in determining whether a finding of disability may be based on exertional limitations alone. If not, the rules reflecting the claimant's residual strength capability, age, education, and work experience may be used as a framework for consideration of how much the claimant's work ability is further diminished by the non-exertional limitations. Additionally, full consideration must be given to all of the relevant facts in the case where there exists a combination of exertional and non-exertional limitations. *McCoy v. Schweiker,* 683 F.2d 1138, 1148 (8th Cir.1982).

In the case at bar, no consideration was given to plaintiff's allegations of his non-exertional impairments when the ALJ applied Rules 201.25 and 201.26 of the GRID. While the ALJ did note the episodes of vomiting when the plaintiff receives chemotherapy, he negated any finding of disability on that basis alone. The ALJ did not consider any other of the residual effects of the therapy that plaintiff alleged, i.e., fatigue and nausea that occurred between treatments. Application of the GRIDS without consideration of these factors constituted error by the ALJ. Indeed, in *Torres v. Secretary of Health and Human Services,* 668 F.2d 67, 69 (1st Cir.1981), the court stated that it would make sense for the ALJ to "stay completely away from the guidelines where non-exertional impairments are so significant that the applicant does not possess the residual function capacity on which the guidelines are predicated."

In passing, this Court notes the Magistrate's observation that there exists no medical basis for the ALJ's conclusion that plaintiff is capable of sedentary work. This Court is in complete agreement with the Magistrate's recommendation. RFC is

a medical factor as to what a claimant is physically capable of doing, and is determined by the ALJ based on the medical evidence. 20 C.F.R. § 404.1546. In this case, there is no medical evidence in the record at all as to plaintiff's physical capabilities, and it is well-settled that the ALJ may not substitute his opinion in place of objective medical evidence. *Eiden v. Secretary of Dept. of Health, Education and Welfare,* 616 F.2d 63 (2d Cir.1980).

For the reasons stated, the Secretary's motion for judgment on the pleadings is denied, while that of the plaintiff's is granted. Accordingly, this case is remanded to the Secretary for further proceedings consistent with this opinion.

SO ORDERED.