**Royce KELLER, Plaintiff,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES OF the UNITED STATES, Defendant.**

**No. CV 83–4341.**

United States District Court, E.D. New York.

Nov. 30, 1984.

Binder & Binder, Hauppauge, N.Y., for plaintiff; Charles E. Binder, Hauppauge, N.Y., of counsel.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., Thomas B. Roberts, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

*Memorandum of Decision and Order*
MISHLER, District Judge.

## ACTION

This is an action brought pursuant to § 205(g) of the Social Security Act (the "Act"), as amended, 42 U.S.C. 405(g), to review a final determination of the Secretary of the Department of Health and Human Services ("the Secretary"), which denied plaintiff's application for a period of disability insurance benefits. Both parties move the court for an order granting judgment on the pleadings pursuant to Fed.R. Civ.P. 12(c).

The plaintiff, Royce Keller, argues that the Secretary's decision denying plaintiff disability benefits is not supported by substantial evidence. Specifically, plaintiff argues that the Administrative Law Judge ("ALJ"), improperly applied the Medical-Vocational Guidelines ("the GRIDS"), provided in 20 C.F.R., Part 404, Subpart P, Appendix 2, Table No. 2 to plaintiff's case.

## FACTS

The plaintiff was 49 years old at the time of the hearing. His application for disability benefits was denied initially and on reconsideration (Tr. 86, 89). A hearing was held on October 21, 1982 before an ALJ. The ALJ rendered a decision on March 9, 1982, denying plaintiff's application for benefits (Tr. 12–18). This decision became the final determination of the Secretary when the Appeals Council denied review (Tr. 3–4).

For the last 30 years plaintiff has been a commercial painter. He is unable to read and has no formal schooling. Plaintiff claims he has been disabled since December 1, 1981 because of heart fibrillation, rapid heart beat and fatigue (Tr. 77).

Plaintiff's treating physician, Dr. Marc R. Kirschner, submitted a report dated April 27, 1982 detailing plaintiff's medical history (Tr. 116–135). He diagnosed plaintiff as suffering from "sick sinus syndrome refractory to medical therapy" (Tr. 134). The report documents plaintiff's treatment, limitations and symptoms. It notes the side-effects plaintiff experiences from changes and increases in his medication. These side-effects include excessive diarrhea, heartburn, arthritic type pain and se-

vere pleuritic chest pain. Dr. Kirschner opined that plaintiff has a significant medical disability. He stated that the "attacks of tachycardia made it impossible for him to perform his job adequately." (Tr. 134). In a letter to plaintiff's attorney, Dr. Kirschner stated that long exposures to paint fumes made the plaintiff's condition worse (Tr. 144).

Plaintiff was seen by the Social Security consulting physician, Dr. Gary Veith, on December 10, 1982 (Tr. 146–151). His examination revealed the presence of atrial ectopics and episodes of atrial fibrillations. Dr. Veith recommended that plaintiff stay away from strong fumes (Tr. 147). He placed no limitations upon plaintiff's ability to stand, sit, walk and bend. He opined that plaintiff could lift up to 40 pounds and carry up to 30 pounds. Moderate physical activities were recommended (Tr. 149). The doctor stated that plaintiff was on an "appropriate medical program" and that an increase in medication might control the atrial fibrillations (Tr. 148–149). A vocational expert, Dr. Bernard Rosenberg, testified at the hearing (Tr. 59–74). He stated that the skills required by plaintiff's former work were transferable to other sedentary skilled or semi-skilled jobs. The vocational expert testified that of such jobs, approximately 2,000 existed in the metropolitan New York area. He gave the following examples of such jobs: "a painter of jewelry parts, hand painter of dolls, watches and small items where someone uses a brush to paint." He further testified that given the plaintiff's age, experience, education and alleged condition, including the limitations and restrictions, plaintiff could not perform his former work (Tr. 62). Dr. Rosenberg also testified that the plaintiff could not even perform the jobs suggested if he had to avoid exposure to paint fumes (Tr. 74). The vocational expert, however, did not testify as to whether the plaintiff could perform other types of light or sedentary work.

Based upon Dr. Veith's report and the testimony of the vocational expert, the ALJ found plaintiff incapable of performing his past work. The ALJ also conceded that because of the plaintiff's inability to withstand exposure to strong fumes, he was not able to perform any of the semi-skilled jobs suggested by the vocational expert. The ALJ, nevertheless, concluded that the plaintiff retained the residual functional capacity to perform light work[1] (Tr. 17). The ALJ then applied the GRIDS under Rule 202.18 of the Medical-Vocational Regulations (20 C.F.R., Subpart P, Appendix 2, Table 2) and concluded that the plaintiff was not disabled given his age, education and work experience.

## DISCUSSION

The sole issue for the court to decide is whether or not the Secretary's decision is supported by substantial evidence. A finding by the Secretary shall be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *Bluvband v. Heckler*, 730 F.2d 886, 891 (2d Cir.1984); *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983).

Substantial evidence constitutes "evidence more than a mere scintilla" which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)); *Bell v. Secretary of Dep't of Health and Human Services*, 732 F.2d 308, 310 (2d Cir.1984). The plaintiff has the initial burden of proving disability and entitlement to disability benefits. 20 C.F.R. § 404.1512(a); *Bluvband v. Heckler*, *supra*, at 891; *Rivera v. Schweiker*, 717 F.2d 719 (2d Cir.1983). A claimant seeking disability benefits is considered disabled for purposes of the Act if he is unable to "engage in any substantial activity by rea-

1. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little a job is in this category when it requires a good deal of standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567.

**70**

son of any impairment which can be expected to result in death or has lasted or can be expected to last for a period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Bluvband v. Heckler, supra,* at 890.

■ The Secretary will find a claimant disabled if the claimant's

physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other substantial gainful work which exists in the national economy regardless of whether such work exists in the immediate area in which he lives ...

42 U.S.C. § 423(d)(2)(A); *Heckler v. Campbell,* 461 U.S. 458, 460, 103 S.Ct. 1952, 1954, 76 L.Ed.2d 66 (1983); *Mongeur v. Heckler,* 722 F.2d 1033, 1037 (2d Cir.1983).

Once the plaintiff has met his initial burden of proving that he is unable to return to his previous work, the burden shifts to the Secretary to prove "the existence of alternative substantial gainful work which exists in the national economy and which the claimant could perform, considering not only his physical capability, but as well his age, his education, his experience and his training." *Mongeur v. Heckler, supra,* at 1037 (quoting *Parker v. Harris,* 626 F.2d 225, 231 (2d Cir.1980)).

In the instant case the ALJ conceded that the plaintiff could not perform his former work because of the plaintiff's need to avoid strong fumes. For the same reason, the ALJ found that plaintiff could not perform any of the jobs recommended by the vocational expert. Despite this restriction on plaintiff's ability to work, the ALJ found the plaintiff retained a residual functional capacity to perform light work and, applying the GRIDS under Rule 202.18 of 20 C.F.R., Subpart P, Appendix 2, concluded that plaintiff was not disabled.

**2.** Environmental restrictions are those restrictions which result in an inability to tolerate some physical feature(s) or work settings that occur in certain industries or types of work,

■ The court finds that the ALJ erred in his application of the GRIDS to plaintiff's case. While the use of the GRIDS has been constitutionally upheld as a valid process by which to determine whether jobs exist that a claimant can perform, *Heckler v. Campbell, supra,* they are only to be applied in "appropriate cases." *Id.* Appropriate cases are those where a claimant's capabilities are described accurately by the rules. *See Heckler v. Campbell,* 461 U.S. at 462, 103 S.Ct. at 1955 n. 5, 76 L.Ed.2d 66 (1983). In such "appropriate cases" the Secretary may apply the GRIDS without vocational testimony to determine whether jobs exist in the economy for the claimant to perform. *Heckler v. Campbell,* 461 U.S. at 460–63, 103 S.Ct. at 1954–1955.

■ This was not an appropriate case for the mechanical application of the GRID regulations. The ALJ found that plaintiff had an environmental restriction.[2] An environmental restriction is a nonexertional type of impairment. Since the Secretary's regulations "are predicated on an individual's having an impairment which manifests itself by limitations in meeting the strength requirements of jobs, they may not be fully applicable where the nature of an individual's impairment does not result in such limitations, e.g., certain mental, sensory, or skin impairments." 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00(e); *Heckler v. Campbell,* 461 U.S. at 462, 103 S.Ct. at 1955 n. 5; *Clark v. Heckler,* 733 F.2d 65, 68 (8th Cir.1984); *Quinones v. Secretary of Dep't of Health and Human Services,* 567 F.Supp. 188, 192 (E.D.N.Y.1983). In such cases the rules do not direct a conclusive finding of disability. 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00(d), (e)(1); *Heckler v. Campbell,* 461 U.S. at 462, 103 S.Ct. at 1955 n. 5, 1958 n. 11; *Quinones v. Secretary of Dep't of Health and Human Services, supra,* at 192.

e.g., *an inability to tolerate dust or fumes* (emphasis added) 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00(e).

When, as here, an environmental restriction precludes mechanical reliance on the GRIDS, the ALJ needs expert vocational testimony in order to determine what special jobs plaintiff may be able to perform. *Clark v. Heckler, supra,* at 69; *Dellolio v. Heckler,* 705 F.2d 123, 128 (5th Cir.1983). *See also Gagnon v. Secretary of Health and Human Services,* 666 F.2d 662 (1st Cir.1981). Although in this case a vocational expert did testify at the hearing, the ALJ failed to elicit information from him as to what types of light work the plaintiff could perform considering plaintiff's environmental restriction. This testimony is indispensable to a finding that plaintiff is not disabled under the Act. This case must therefore be remanded to the Secretary with directions to have the ALJ elicit this testimony from the vocational expert.

In light of these findings, the decision of the Secretary is vacated and the case remanded for further proceedings consistent with this opinion.

SO ORDERED.