**David GENSBAUER, Plaintiff,**

v.

**The MAY DEPARTMENT STORES CO., c/o C.T. Corp. Systems, Registered Agent, Defendant.**

**No. CIV. A. 98–CV–5323.**

United States District Court, E.D. Pennsylvania.

April 5, 1999.

Meredith Leslie Seigle, Southampton Legal Services, Inc., Southampton, PA, for Plaintiff.

Lisa A. Cauley, Frey Petrakis & Deeb, Philadelphia, PA, for Defendant.

*MEMORANDUM AND ORDER*

ANITA B. BRODY, District Judge.

In this personal injury action, the parties agreed to defendant's scheduling an independent medical examination (I.M.E.) of plaintiff on April 7, 1999. By letter dated March 23, 1999, defendant informed plaintiff that the I.M.E. would be canceled if plaintiff's attorney insisted on being present for the examination. Plaintiff then filed a motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c), to allow the attendance of plaintiff's counsel at the defendant's I.M.E. of plaintiff.

Federal Rule of Civil Procedure 35(a), which governs physical and mental examinations of a party, is silent on the issue of the presence of counsel. Fed.R.Civ.P. 35(a). The Pennsylvania state courts, armed with the experience of adjudicating countless personal injury cases, have recently amended the state rules of civil procedure to recognize the right of a party to have an attorney present during a medical examination.

Pennsylvania Rule of Civil Procedure 4010(a)(4)(i), amended April 24, 1998, effective July 1, 1998, states:

> The person to be examined shall have the right to have counsel or other representative present during the examination. The examiner's oral interrogation of the person to be examined shall be limited to matters specifically relevant to the scope of the examination.

Pa.R.Civ.P. 4010(4)(i).

██ I am aware of the rulings in this district finding that parties have no right to have counsel or other observers present during an examination. *See, e.g., Shirsat v. Mutual Pharmaceutical Co.,* 169 F.R.D. 68 (E.D.Pa.1996) (holding that plaintiff was not entitled to have an observer present during psychiatric examination because it would have been a distraction); *Neumerski v. Califano,* 513 F.Supp. 1011 (E.D.Pa.1981) (holding that plaintiff has no right to have attorney present at a psychological examination). These cases, however, involved psychological rather than physical examinations, which may depend more on "unimpeded one-on-one communication between doctor and patient." *Neumerski,* 513 F.Supp. at 1017 (quoting *Brandenberg v. El Al Israel Airlines,* 79 F.R.D. 543, 546 (S.D.N.Y.1978)). Further, these rulings were made without the benefit of the amended Pennsylvania state rule permitting attorneys to be present at examinations.

In a diversity case such as this one, where the federal rule is silent on the issue of attorney presence, I look to Pennsylvania rules for guidance. I am persuaded that the party examined should have representation during a medical examination. Although, in theory, an I.M.E. is to be scientific rather than adversarial, experience suggests that it is often the latter. The party being examined may have to respond to limitless questions by a trained representative of the opposing side without check. Legal representation seems appropriate in such a circumstance.

**AND NOW,** this 5th day of April, 1999, I **ORDER** that plaintiff's motion for protective order (docket entry # 6) is **GRANTED,** and plaintiff is permitted to have his counsel present at his independent medical examination.