MacDonald, D. Lloyd, J.
Before the Court is the question whether the Court, as a condition of permitting the Defendant Barr & Barr (“Defendant”) to conduct an independent medical examination (“IME”) of the Plaintiff by a defense-designated psychiatrist, should require — as requested by the Plaintiff — that the examination be videotaped. The Court concludes that under the particular circumstances of this case it is appropriate to so order.
As its reasons, the Court substantially adopts the rationale and authorities cited in the Plaintiffs Limited Opposition. See, e.g., Velez v. Liberty Mutual, 2001 Mass.App.Div. 56 (2001), Wang v. Liberty Mutual, 2000 Mass.App.Div. 313 (2000), and Gensbauger v. May Dep’t Stores, 184 F.R.D. 552 (E.D.Pa. 1999). The Court further notes the following.
While it is likely that to some extent the presence of the video recorder and the knowledge of the same will “contaminate” (Defendant’s term) the examination, the countervailing consideration is that the video will provide an objective documentary record of the content of the interview. The interest in obtaining the latter is particularly strong in light of the adversarial nature of the examination.
Dr. Lurie’s affidavit’s reference to the risk that videotaping will compromise his capacity to “make a truly objective psychiatric examination" is based on a false premise that the setting is non-adversarial. Without in any way suggesting that Dr. Lurie would otherwise conduct the examination unethically, the reality is that he has been engaged to perform a service for the Defendant, and reasonable protections are due the Plaintiff.
In the Court’s judgment Dr. Lurie’s concern that the taping will cause the Plaintiff to “be on the defensive” and “distracted” and his candor to be “chill[ed]’’ is not well founded. The very nature of the examination will likely cause such reactions from the Plaintiff. If anything, the confidence that the Plaintiff will have knowing that a physical record is being made of the examination is likely to make the Plaintiff more at ease and focused.
The Court accepts that from a psychiatric purist’s perspective the conditions being ordered by the Court are not optimal for a clinical interview. But as noted above, this is not the typical clinical session.
In order to minimize the intrusion of the videotaping, the video technician shall be absent from the examination room after setting up the camera.
In so providing, the Court assumes that the technician can monitor the taping process from outside the room.